STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

SUCCESSION OF DAVID JONES, JR. A/K/A DAVID JONES, III A/K/A
DAVID JONES

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 35,824
HONORABLE PATRICIA KOCH, DISTRICT JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Michael G. Sullivan, Billy H. Ezell, and J. David Painter,
Judges.

JUDGMENT DESIGNATED FINAL AND APPEALABLE PURSUANT TO
LA.CODE CIV.P. ART. 1915(B). APPEAL MAINTAINED.

William F. Henderson
Attorney at Law
910 Foisy Avenue
Alexandria, LA 71301
(318) 449-9857
COUNSEL FOR APPELLANT:
        Harriett Jones

Ricky L. Sooter
Attorney at Law
Post Office Drawer 1791
Alexandria, LA 71309
(318) 445-3631
COUNSEL FOR APPELLEE:
        Ethel Jones

PAINTER, Judge.

Upon the lodging of the appeal record in the instant suit, this court *sue sponte* issued a rule to show cause why the appeal should not be dismissed as having been taken from a partial final judgment not designated as immediately appealable. For the reasons assigned, we hereby designate the judgment as final and appealable and maintain the appeal.

The decedent, David Jones, was married at least two times. His first marriage, entered into on October 8, 1956, was to Harriett Boyer Jones, and from this marriage, three children were born. According to the trial court's written reasons for judgment, David and Harriett were divorced on February 24, 1976. Evidence was presented that David and Harriett remarried on April 12, 1978, in Harris County, Texas. The trial court found that on September 12, 1978, David filed for separation and divorce on the basis that Harriett would not return to Louisiana. The trial court found that "[t]he record does not indicate that Colonel [David] Jones was ever successful in securing the final paperwork to terminate that marriage [second marriage to Harriett] in Rapides Parish." Later, on April 8, 1983, David Jones married Ethel. According to the trial court, from that day forward, David and Ethel acted as a legally married couple.

On April 20, 2005, Ethel LeDuff Jones filed a petition for probate of statutory testament of David Jones, Jr., who died on March 31, 2005. In accordance with the testament, the trial court named Ethel executrix. Before a judgment of possession was entered, on April 25, 2006, Harriett Boyer Jones filed a petition for declaration of nullity of marriage and for possession. In Harriett's petition, she alleged that her second marriage to David was never dissolved and that Ethel had knowledge of the

1

aforementioned purported fact when she entered into a marriage with David. In addition to seeking to have the marriage of David and Ethel declared null, Harriett also sought to be put in possession of her half of the community property acquired during the time she was married to David and during the time in which David was married to Ethel.

Subsequent to the filing of Harriett's petition, Harriett filed a motion for partial summary judgment in which she sought to have the marriage between David and Ethel declared null. The trial court held a hearing on the motion for partial summary judgment, and the trial court denied it. The record indicates that a trial was held on January 3, 2008, to determine to whom David Jones was married at the time of his death. At the conclusion of this trial, the trial court held, in a written judgment dated March 6, 2008, that Ethel was the legal wife of David and "recognized [her] as possessing all legal rights associated therewith as legal spouse." Notice of the signing of judgment was sent on March 11, 2008. A motion for appeal was filed on April 24, 2008.

The instant record was lodged with this court on August 26, 2008. On September 5, 2008, this court issued *sue sponte* a rule to show cause why the appeal should not be dismissed as having been taken from a partial final judgment not designated appealable. In response to the rule, Harriett argues that the judgment from which an appeal is being sought is "a final judgment with respect to [the claims between] Harriett Boyer Jones and Ethel LeDuff Jones."

The trial court failed to designate the judgment from which appeal is being sought, as immediately appealable. Because the trial court did not designate the judgment as final or give reasons why the judgment should be allowed an immediate appeal, we find the *de novo* standard of review is applicable. *See generally R.J.*

2

*Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113.

Louisiana Code of Civil Procedure Article 1841 provides that a final judgment is one that "determines the merits in whole or in part." Louisiana Code of Civil Procedure Article 1915 further provides, in pertinent part, the following:

A.  A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

   (1)  Dismisses the suit as to less than all the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

. . . .

B.  (1)  When a court renders a partial judgment . . . as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

   (2)  In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties shall . . . not constitute a final judgment for the purposes of appeal.

In *Messinger*, 894 So.2d 1113, the supreme court found that a trial court should give express reasons why there is no just reason for delay of an appeal of a partial final judgment. However, should the trial court fail to certify a partial final judgment, the *Messinger* court found that an appellate court cannot summarily dismiss the appeal. Instead, when the trial court fails to give reasons for designating a partial summary judgment as appealable, the *Messinger* court held that the appellate court should make a *de novo* determination by looking to the record for the existence of any justification for maintaining the appeal. The *Messinger* court additionally found that the appellate court could alternatively issue a rule to show cause why the appeal should not be dismissed.

3

Recently, in *Fakier v. State, Bd. of Supervisors for Univ. of La. Sys.*, 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024, this court examined the issue of whether a partial judgment was a final judgment for purposes of an immediate appeal. The court noted that *Messinger*, 894 So.2d 1113, adopted from *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360 (3rd Cir.1975), several non-exclusive factors for use by trial courts when determining certification of a judgment and for use by appellate courts when conducting *de novo* reviews when no reasons are given by the trial court for designation. The factors for examining certification are:

1) The relationship between the adjudicated and unadjudicated claims;

2) The possibility that the need for review might or might not be mooted by future developments in the trial court;

3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and

4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Fakier*, 983 So.2d 1029, *quoting Messinger*, 894 So.2d at 1122.

Harriett submits that the judgment from which appeal is being sought is appealable pursuant to La.Code Civ.P. art. 1915(A)(1). The judgment as to which an appeal is being sought was rendered after a trial on the merits regarding a petition to nullify a marriage. The trial court determined that Ethel had all legal rights as the spouse of the decedent, David. The judgment concludes the issue of whether the marriage between Ethel and David was null; however, from the evidence submitted in the record, it appears that Harriett has a continued interest in David's succession. Accordingly, we find this judgment falls within the scope of La.Code Civ.P. art. 1915(B), thus, requiring designation as to why the judgment should be immediately appealable.

4

In the interest of judicial efficiency, we find that remanding this matter for designation would be a waste of judicial resources, and as such, we do so designate the judgment as immediately appealable and maintain the appeal. Although a partial final judgment may not have been designated as final pursuant to *Messinger*, 894 So.2d 1113, we find that this court, in its discretion, may exercise its supervisory powers to decide whether a judgment should be certified as final and appealable pursuant to La.Code Civ.P. art. 1915(B). La.Const. art. 5, §10; La.Code Civ.P. art. 2201. We find that the case *sub judice* is a proper case in which this court should exercise its supervisory powers to designate the judgment as immediately appealable.

Finally, as part of our analysis, we examine the judgment at issue using the *Fakier* factors as guidance. While a reversal of this judgment will not terminate the entire litigation, we find that it will terminate the litigation between Harriett and Ethel with respect to their respective interests as the legal spouse of David at the time of his death. Moreover, we note that the judgment declaring Ethel the legal wife of David at the time of his death impacts the entirety of the future succession proceedings. At this time, a determination of who was David's legal wife at the time of his death would completely resolve the issue of which party is entitled to the legal rights afforded to the legal spouse of the decedent. Additionally, although the final judgment of possession may subsequently be brought before this court on appeal, any future appeal would be aided by having a final determination of to whom David was married at the time of his death. Thus, we find that this matter is ripe for immediate appeal.

**JUDGMENT DESIGNATED FINAL AND APPEALABLE PURSUANT TO LA.CODE CIV.P. ART. 1915(B). APPEAL MAINTAINED.**

5