# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**08-1337**


**ELAINE SETLIFF, ET AL.**

**VERSUS**

**AARON SLAYTER, ET AL.**


\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 105965
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy,
Judges.


**APPEAL DISMISSED.**


**Henry Howard Lemoine, Jr.**
**Attorney at Law**
**607 Main Street**
**Pineville, LA   71360**
**(318) 473-4220**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Aaron Slayter**

**Thomas D. Davenport, Jr.**
**The Davenport Firm**
**1628 Metro Drive**
**Alexandria, LA  71301**
**(318) 445-9696**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
   **Elaine Setliff and Louisiana Lagniappe Realty, LLC**

AMY, Judge.

Upon the lodging of the appeal record in the instant suit, this court *sue sponte* issued a rule to show cause to the defendant/appellant why the appeal should not be dismissed as having been taken from a partial final judgment which has not been designated as immediately appealable pursuant to La.Code Civ.P. art. 1915(B). For the reasons assigned, we dismiss the appeal.

At issue in the instant appeal is the trial court's judgment granting the plaintiffs' motion for summary judgment, finding that the defendant breached his contractual agreement, entitled a "Listing Agreement," with the plaintiffs. Judgment was signed on June 16, 2008, and notice was sent the same day. No motion for new trial was filed. After the trial court rendered judgment, the defendant filed an application for supervisory writs, docketed in this court under number CW-08-897. On August 12, 2008, this court denied the writ application finding the following:

> Appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953. The judgment at issue grants a motion for partial summary judgment. Although this judgment falls under the provisions of either La.Code Civ.P. art. 1915(A) or (B), we find that the defendant-relator, Aaron Slayter, has an adequate remedy by appeal.

After this court issued its ruling, the defendant filed a motion for appeal on August 14, 2008. The trial court granted the motion for appeal without designating the judgment as appealable and without giving reasons. The instant appeal was lodged in this court on October 31, 2008.

The defendant submits that the judgment from which appeal is being sought is appealable pursuant to La.Code Civ.P. art. 1915(B) and submits that despite the lack of designation, this court should maintain the judgment. As mentioned above, the judgment as to which an appeal is being sought determined that the defendant had breached the contractual agreement he had with the plaintiffs. This constitutes a judgment on a motion for partial summary judgment as to a single issue.

Accordingly, we find this judgment falls within the scope of La.Code Civ.P. art. 1915(B), thus, requiring designation as to why the judgment should be immediately appealable.

In *Succession of David Jones, Jr. a/k/a David Jones, III a/k/a David Jones*, 08-1088, pp. 2-4 (La.App. 3 Cir. 10/29/08), ___ So.2d ___, this court set forth the following discussion examining the procedure to be followed in reviewing a 1915(B) judgment that was not designated as appealable by the trial court:

> The trial court failed to designate the judgment from which appeal is being sought as immediately appealable. Because the trial court did not designate the judgment as final or give reasons why the judgment should be allowed an immediate appeal, we find the *de novo* standard of review is applicable. *See generally R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113.
>
> Louisiana Code of Civil Procedure Article 1841 provides that a final judgment is one that "determines the merits in whole or in part." Louisiana Code of Civil Procedure Article 1915 further provides, in pertinent part, the following:
>
> > A.   A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
> >
> > > (1)   Dismisses the suit as to less than all the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
> >
> > . . . .
> >
> > B.   (1)   When a court renders a partial judgment . . . as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

2

> (2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties shall . . . not constitute a final judgment for the purposes of appeal.

In *Messinger*, 894 So.2d 1113, the supreme court found that a trial court should give express reasons why there is no just reason for delay of an appeal of a partial final judgment. However, should the trial court fail to certify a partial final judgment, the *Messinger* court found that an appellate court cannot summarily dismiss the appeal. Instead, when the trial court fails to give reasons for designating a partial summary judgment as appealable, the *Messinger* court held that the appellate court should make a *de novo* determination by looking to the record for the existence of any justification for maintaining the appeal. The *Messinger* court additionally found that the appellate court could alternatively issue a rule to show cause why the appeal should not be dismissed.

Recently, in *Fakier v. State, Bd. of Supervisors for Univ. of La. Sys.*, 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024, this court examined the issue of whether a partial judgment was a final judgment for purposes of an immediate appeal. The court noted that *Messinger*, 894 So.2d 1113, adopted from *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360 (3rd Cir.1975), several non-exclusive factors for use by trial courts when determining certification of a judgment and for use by appellate courts when conducting *de novo* reviews when no reasons are given by the trial court for designation. The factors for examining certification are:

1) The relationship between the adjudicated and unadjudicated claims;

2) The possibility that the need for review might or might not be mooted by future developments in the trial court;

3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and

4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

3

*Fakier*, 983 So.2d 1029, *quoting Messinger*, 894 So.2d at 1122.

As in *Succession of Jones*, we find that remanding this matter for designation would be a waste of judicial resources, and therefore, we will proceed to review whether an immediate appeal is appropriate. La.Const. art. 5, §10; La.Code Civ.P. art. 2201. For the reasons given infra, we find that the judgment in the instant case should not be designated immediately appealable.

Applying the factors set forth in *Fakier*, we find that a reversal of the judgment *sub judice*, which granted a motion for partial summary judgment, will not terminate the entire litigation. In addition, the trial court could revise its ruling on the motion for partial summary judgment at any time prior to final judgment pursuant to La.Code Civ.P. art. 1915(B)(2), thus rendering the need for this appeal moot. We find that judicial resources would be wasted by the appellate review of the partial summary judgment at this time, considering the probability of a later appeal involving the adjudication of the remaining claims. Thus, we find that this matter is not ripe for immediate appeal. Rather, we find that review of this ruling can be made upon the rendition of the final judgment adjudicating all remaining issues in this action. Therefore, we dismiss the appeal at appellant's cost.

**APPEAL DISMISSED.**

4