STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

FRANK CAVAZZO

VERSUS

GRAY INS. CO., ET AL.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO.2006-3674
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

************

JOHN D. SAUNDERS
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

Peters, J., dissents and would dismiss the appeal.

**APPEAL MAINTAINED.**

Jeffrey M. Cole
Plauche, Smith & Neiset
Post Office Drawer 1705
Lake Charles, LA 70602
(337) 436-0522
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Gray Insurance Company, Dunham Price Group, L.L.C.,
    and Material Handling, LLC

Rex D. Townsley
The Townsley Law Firm
3102 Enterprise Boulevard
Lake Charles, LA 70601
(337) 478-1400
COUNSEL FOR PLAINTIFF/APPELLEE:
    Frank Cavazzo

**J. Mac Morgan**
**Attorney at Law**
**7040 Canal Boulevard**
**New Orleans, LA  70124**
**(504) 286-5928**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Frank Cavazzo**

SAUNDERS, Judge.

Following the lodging of the appeal record in the instant suit, this court *sua sponte* issued a rule for the defendants/appellants to show cause why the appeal should not be dismissed as having been improperly designated as appealable pursuant to La.Code Civ.P. art. 1915. For the reasons assigned, we recall the rule and maintain the appeal for good cause shown.

At issue in the instant appeal is the trial court's judgment granting the plaintiff's motion for summary judgment, finding that the plaintiff is entitled to seaman status under the Jones Act, 46 U.S.C.A. §§30104, et. seq. Judgment was originally signed on July 31, 2008. No motion for new trial was filed after the signing of the judgment. However, on motion made by defendants, the trial court entered a revised judgment on September 18, 2008, which designated the judgment as final and immediately appealable pursuant to La.Code Civ.P. art. 1915(B); no reasons for designation were given. The defendants filed a motion for appeal on September 18, 2008. The trial court granted the motion for appeal, and the instant appeal was lodged in this court on November 19, 2008.

The defendants submit that the judgment from which appeal is being sought is appealable pursuant to La.Code Civ.P. art. 1915(B) and submit that despite the lack of reasons supporting designation, this court should maintain the appeal. As mentioned above, the judgment *sub judice* determined that the plaintiff was entitled to seaman status under the Jones Act. This constitutes a judgment on a motion for partial summary judgment as to a single issue. Accordingly, we find that this judgment falls within the scope of La.Code Civ.P. art. 1915(B), thus requiring designation as to why the judgment should be immediately appealable.

In *Succession of Jones*, 08-1088, pp. 2-4 (La.App. 3 Cir. 10/29/08), ___ So.2d ___, this court set forth the following discussion examining the procedure to be

1

followed in reviewing an Article 1915(B) judgment that was not designated as appealable by the trial court:

> The trial court failed to designate the judgment from which appeal is being sought as immediately appealable. Because the trial court did not designate the judgment as final or give reasons why the judgment should be allowed an immediate appeal, we find the *de novo* standard of review is applicable. *See generally R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113.

Louisiana Code of Civil Procedure Article 1841 provides that a final judgment is one that "determines the merits in whole or in part." Louisiana Code of Civil Procedure Article 1915 further provides, in pertinent part, the following:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> (1) Dismisses the suit as to less than all the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
>
> . . . .
>
> B. (1) When a court renders a partial judgment . . . as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
>
> (2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties shall . . . not constitute a final judgment for the purposes of appeal.

In *Messinger*, 894 So.2d 1113, the supreme court found that a trial court should give express reasons why there is no just reason for

delay of an appeal of a partial final judgment. However, should the trial court fail to certify a partial final judgment, the *Messinger* court found that an appellate court cannot summarily dismiss the appeal. Instead, when the trial court fails to give reasons for designating a partial summary judgment as appealable, the *Messinger* court held that the appellate court should make a *de novo* determination by looking to the record for the existence of any justification for maintaining the appeal. The *Messinger* court additionally found that the appellate court could alternatively issue a rule to show cause why the appeal should not be dismissed.

Recently, in *Fakier v. State, Bd. of Supervisors for Univ. of La. Sys.*, 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024, this court examined the issue of whether a partial judgment was a final judgment for purposes of an immediate appeal. The court noted that *Messinger*, 894 So.2d 1113, adopted from *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360 (3rd Cir.1975), several non-exclusive factors for use by trial courts when determining certification of a judgment and for use by appellate courts when conducting *de novo* reviews when no reasons are given by the trial court for designation. The factors for examining certification are:

> 1) The relationship between the adjudicated and unadjudicated claims;
>
> 2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
>
> 3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
>
> 4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Fakier*, 983 So.2d 1029, *quoting Messinger*, 894 So.2d at 1122.

As in *Succession of Jones*, we find that remanding this matter for designation would be a waste of judicial resources, and therefore, we will proceed to review whether an immediate appeal is appropriate. La.Const. art. 5, §10; La.Code Civ.P. art. 2201. For the reasons given below, we find that the judgment in the instant case was properly designated immediately appealable.

3

Here, applying the factors set forth above in *Fakier*, 983 So.2d 1024, the defndants argue that a reversal of the judgment granting the plaintiff seaman status would terminate the plaintiff's Jones Act claims. While acknowledging that even if the judgment on seaman status were reversed, the plaintiff still has a claim existing under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C.A. § 905(b), the defendants argue that the claims are mutually exclusive. As a result, the defendants contend that there would be no possibility that the issue of seaman status would be again considered. In addition, the defendants argue that determining seaman status now would result in only one trial, as opposed to having a trial under the Jones Act, which could be reversed, and then having a trial on the alternative 905(b) claim. Finally, the defendants suggest that determination of seaman status now will facilitate resolution of the litigation, reduce the costs of litigation, and foster judicial economy.

We find the above-discussed application of the *Fakier* factors persuasive in making our determination that this appeal was properly designated as immediately appealable. The determination of seaman status in this case is an important issue that warrants appellate review at this juncture. This determination impacts the remedies available to the plaintiff. Accordingly, based on the reasoning set forth above, we find that the instant appeal should be maintained.

**APPEAL MAINTAINED.**