# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-817

ELAINE SETLIFF, ET AL.

VERSUS

AARON SLAYTER, ET AL.

************

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 105965
HONORABLE RICHARD E. STARLING, JR., JUDGE

************

## MARC T. AMY
## JUDGE

************

Court composed of Marc T. Amy, Billy H. Ezell, and J. David Painter, Judges.

**APPEAL DISMISSED.**

Henry Howard Lemoine, Jr.
Lemoine & Wampler
607 Main Street
Pineville, LA 71360
(318) 473-4220
COUNSEL FOR DEFENDANT/APPELLANT:
    Aaron Slayter

Thomas D. Davenport, Jr.
The Davenport Firm
1628 Metro Drive
Alexandria, LA 71301
(318) 445-9696
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Elaine Setliff and Louisiana Lagniappe Realty, L.L.C.

AMY, Judge.

This court issued, *sua sponte*, a rule ordering the Defendant-Appellant, Aaron Slayter, to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a partial final judgment which has not been designated as immediately appealable pursuant to La.Code Civ.P. art. 1915(B). For the reasons assigned, we hereby dismiss the appeal.

Plaintiffs-Appellees, Elaine Setliff and Louisiana Lagniappe Realty, L.L.C., entered into an agreement, entitled a "Listing Agreement", with Appellant to facilitate the sale of Appellant's home. Subsequently, Appellees filed suit against Appellant for breach of contract and for defamation. With regard to the liability issue for the breach of contract claim, Appellees filed a motion for partial summary judgment. On June 16, 2008, the trial court granted Appellees' motion for partial summary judgment, finding that Appellant breached his contractual agreement with Appellees.

Appellant previously filed an appeal seeking review of the partial summary judgment pertaining to liability for the breach of contract claim. In *Setliff v. Slayter,* 08-1337 (La.App. 3 Cir. 1/7/09), 1 So.3d 799, this court found that the appeal was premature and found that Appellant should seek appellate review after full adjudication of all remaining claims.

After this court denied appellate review of the partial summary judgment on the issue of liability for the breach of contract claim, Appellees filed in the trial court a motion for partial summary judgment on the issue of damages for the breach of contract claim. The trial court granted the motion and signed a judgment awarding damages for the contract claim on March 11, 2009. Although that judgment does not contain a designation of immediate appealablility and does not dispose of the defamation claim, Appellant, at this time, once again seeks appellate review for the breach of contract claim. As stated above, upon the lodging of the record in this appeal, this court issued a rule for the Appellant to show cause why the appeal should

not be dismissed as having been taken from a partial judgment which has not be properly certified as immediately appealable pursuant to La.Code Civ.P. art. 1915(B).

Appellant contends that although the trial court orally designated the judgment immediately appealable, the written judgment submitted to the trial court failed to include the designation. Appellant also contends that an amended judgment containing a declaration that the judgment be designated immediately appealable was prepared but never made it into the record and was never signed by the trial court. In any event, Appellant asks this court to recognize the trial court's oral designation to which the parties agreed in open court.

We find that the judgments on the motions for partial summary judgment pertain to a single claim, i.e., Appellees' contract claim against Appellant. As such, the judgments fall within the scope of La.Code Civ.P. art. 1915(B) and require a designation as to why the judgment should be immediately appealable. We pretermit any discussion of whether an oral designation is sufficient, as we determine that designation of appealability is not warranted in this case.

In the prior appeal filed in this case, this court determined that the partial summary judgment holding Appellant liable under the breach of contract claim should not be designated immediately appealable. *See Setliff*, 1 So.3d 799. In the prior appeal, this court looked to *Fakier v. State, Bd. of Supervisors for Univ. of La. Sys.*, 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024, which relied on the following factors for examining certification which are set forth in *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113, 1122, *citing Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364:

> 1) The relationship between the adjudicated and unadjudicated claims;
> 2) The possibility that the need for review might or might not be mooted by future developments in the trial court;

2

3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and

4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

In dismissing the prior appeal, this court stated the following:

Applying the factors set forth in *Fakier*, we find that a reversal of the judgment *sub judice*, which granted a motion for partial summary judgment, will not terminate the entire litigation. In addition, the trial court could revise its ruling on the motion for partial summary judgment at any time prior to final judgment pursuant to La.Code Civ.P. art. 1915(B)(2), thus rendering the need for this appeal moot. We find that judicial resources would be wasted by the appellate review of the partial summary judgment at this time, considering the probability of a later appeal involving the adjudication of the remaining claims. Thus, we find that this matter is not ripe for immediate appeal. Rather, we find that review of this ruling can be made upon the rendition of the final judgment adjudicating all remaining issues in this action. Therefore, we dismiss the appeal at appellant's cost.

*Setliff*, 1 So.3d at 801.

After this court's ruling in the prior appeal, the issue of damages for the contract claim was resolved by the granting of a subsequent motion for partial summary judgment on the issue of damages. However, we find that the granting of this new partial summary judgment has not served to alleviate all of this court's concerns about Appellant being allowed to take piecemeal appeals. For instance, we find that a reversal of the partial summary judgments will not terminate the entire litigation, as Appellees' claim for defamation will still be pending. Also, considering the probability of a later appeal involving the adjudication of the remaining claim for defamation, we find that appellate review of the partial summary judgments regarding the contract issue would be a waste of judicial resources at this time. Rather, we find that Appellant should await final adjudication of the remaining claim before seeking appellate review. For these reasons, we dismiss the instant appeal at Appellant's costs.

**APPEAL DISMISSED.**

3