CLARENCE E. McMANUS, Judge.
 

 12Creighton, Richards, & Higdon, LLC (CRH) filed this concursus proceeding against Richards Clearview, LLC (Clear-view) and CPDC Properties, LP (CPDC). In the petition it alleges that on April 17, 2006, Clearview and CPDC entered into a purchase agreement to transfer the controlling interest in the Clearview Mall from Richards to CPDC. CPDC delivered deposits of $450,000 to CRH, escrow agents. The closing for the transaction was scheduled for June 15, 2007; however, the sale was not completed. On July 3, 2007, CRH placed the deposits in the registry of the court and instituted this action.
 

 CPDC filed an answer in this concursus proceeding in which it alleged that it was entitled to return of its deposit because Clearview as seller did not comply with the terms of the sale, in that it did not provide clear title, amend its articles of organization as required or provide adequate documentation.
 

 Clearview also filed an answer in which it alleged that is was entitled to the deposit because the closing did not take place due to CPDC’s failure to meet its contractual obligations, and to attend the closing, and therefore it was entitled to liquidated damages equal to the agreed-upon full purchase price. Clearview also asserted claims for liquidated damages for breach of contract, and additional |sdamages for CPDC’s alleged breach of its duty of strict confidentiality owed to Clearview by making financial information and documents available to third parties without Clear-view’s consent.
 

 Clearview filed a motion for partial summary judgment on the issue of entitlement to the funds deposited in the registry of the court. In its motion, it expressly reserved the issues of liquidated damages and beach of confidentiality. CPDC filed a cross-motion for summary judgment, also
 
 *393
 
 on the issue of entitlement to the funds deposited in the registry of the court. After the hearing was held, the trial court rendered judgment in favor of Clearview, and against CPDC, find that Clearview was entitled to the amount deposited in the registry of the court. CPDC filed a motion for appeal from that judgment.
 

 Thereafter, Clearview filed a motion to designate the judgment as final, and to tax costs and interests. The trial court rendered judgment in favor of Clearview, awarding costs of $1,438.00. The court further granted the motion insofar as is sought to have the partial summary judgment designated as final. CPDC appealed from that judgment as well.
 

 After the two appeals were lodged in this court, they were consolidated for consideration.
 

 There are several issues raised in the trial court by the parties, including the disbursement of the funds on deposit in the registry of the court, whether Clear-view is entitled to liquidated damages for breach of contract and whether Clearview is entitled to damages for breach of the duty of confidentiality. Only one of these issues, the disbursement of funds on deposit, is currently before this court. In addition, Clearview has obtained a judgment granting costs, which is also before this court. As both judgments on appeal are partial judgments, we first consider whether these judgments are properly before the court. This court cannot ^determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. LSA-C.C.P. art. 2083;
 
 Phoenix Associates v. E.H. Mitchell & Co.,
 
 07-0108 (La.App. 1 Cir. 9/14/07), 970 So.2d 605, 610.
 

 LSA-C.C.P. art. 1915 provides, in pertinent part,
 

 A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
 

 (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or in-tervenors.
 

 [[Image here]]
 

 B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
 

 In
 
 Succession of Jones,
 
 08-1088 (La. App. 3 Cir. 10/29/08), 999 So.2d 3, 6, the court summarized the holding in
 
 R.J. Messinger v. Rosenblum,
 
 04-1664 (La.3/2/05), 894 So.2d 1113, as follows:
 

 In
 
 Messinger,
 
 894 So.2d 1113, the supreme court found that a trial court should give express reasons why there is no just reason for delay of an appeal of a partial final judgment. However, should the trial court fail to certify a partial final judgment, the
 
 Messinger
 
 court found that an appellate court cannot summarily dismiss the appeal. Instead, when the trial court fails to give reasons for designating a partial summary judgment as appealable, the
 
 Messinger
 
 court held that the appellate court should make a de novo determination by looking to the record for the existence of any justification for maintaining the appeal. The
 
 Messinger
 
 court additionally found
 
 *394
 
 that the appellate court could alternatively issue a rule to show cause why the appeal should not be dismissed.
 

 See also
 
 Cavazzo v. Gray Ins. Co.,
 
 08-1407 (La.App. 3 Cir. 3/11/09), 8 So.3d 129, 131.
 

 In
 
 Fakir v. State, Bd. of Supervisors,
 
 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024, 1029, the court recited the non-exclusive factors for use by the trial court when determining the certification of a judgment and for use by appellate courts when conducting a de novo review when no reasons are given by the trial court for its designation. These factors were set forth by the Louisiana Supreme Court in
 
 Messinger, supra
 
 at 1122, adopted from
 
 Allis-Chalmers Corp. v. Philadelphia Elec. Co.,
 
 521 F.2d 360 (3rd Cir.1975), as follows:
 

 1) The relationship between the adjudicated and unadjudicated claims;
 

 2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
 

 3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
 

 4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
 

 Considering these factors, we find that the trial court erred in determining that the partial summary judgment at issue was immediately appealable. The partial judgment does not terminate the litigation. The issues of entitlement to the funds or deposit in the registry of the court and the issue of liquidated damages both involve the actions of both parties in the events leading up to the date of closing, and therefore these claims are closely related. Judicial resources would be wasted by the appellate review of the partial summary judgment at this time, considering the probability of a later appeal involving the adjudication of the remaining claims.
 
 Set-liff v. Slayter,
 
 08-1337 (La.App. 3 Cir. 1/7/09), 1 So.3d 799, 801. The trial court, pursuant to LSA-C.C.P. art. 1915(B)(2), could revise its ruling on the motion for partial summary judgment at any time prior to final judgment, rendering the need for this appeal moot.
 
 Id.
 
 In addition, judicial administration has been negatively affected if the remainder of the case has been | r,delayed pending the outcome of this appeal. Alternatively, if the matter has gone to judgment on the remaining issues, and we were to reverse the judgment before us and remand these issues for trial, the result would be piecemeal litigation.
 
 Fakier, supra
 
 at 1030;
 
 Berman v. De Chazal,
 
 98-81 (La.App. 5 Cir. 5/27/98), 717 So.2d 658, 661. Accordingly, we find that this matter is not ripe for immediate appeal.
 

 The trial court did not certify the judgment assessing costs as final. We likewise conclude that the judgment assessing costs is not a final judgment, and therefore not immediately appealable.
 

 For the above discussed reasons, this appeal is dismissed.
 

 APPEAL DISMISSED.