WICKER, J.
dissents and assigns reasons.
|! This matter is before this Court on appeal of the district court’s judgment, as *520 to the appellant’s reconventional demand, granting appellee’s Exception of Prescription and dismissing appellant’s reconven-tional demand. I respectfully dissent because it is my opinion that this court lacks jurisdiction to consider this appeal because the judgment at issue, as to appellant’s reconventional demand, is not a valid judgment. Therefore, I would dismiss the instant appeal without prejudice and remand the matter to the trial court so that a proper, final judgment may be rendered.
On January 18, 2011, the trial court issued a judgment in favor of Quincy Condominiums and against Duhon recognizing the lien filed by Quincy Condominiums and ordering that Duhon pay past due association fees in the amount of $15,047.68 with reasonable attorney fees of $7,500.00. The judgment also addressed Duhon’s recon-ventional demand and set forth the following:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the re-conventional demand of plaintiff in re-convention, Philip W. Duhon, be and is hereby dismissed, at plaintiff in recon-vention’s cost.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the demands of plaintiff in reconvention and against defendant in reconvention, be and are hereby prescribed.
It is my opinion that the portion of the judgment concerning Duhon’s reconven-tional demand is defective and thus is not a valid judgment. From the language provided in the judgment alone, it is unclear if the trial judge simply | gdismissed Duhon’s claims by reason of prescription or if he additionally dismissed Duhon’s claims after consideration of the merits post-trial.
Louisiana Code of Civil Procedure article 1841 provides that “[a] judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.” A valid judgment must be precise, definite and certain. Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Technologies, Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915-16; Blanke v. Duffy, 05-829, p. 2 (La.App. 5 Cir. 3/28/06), 927 So.2d 540, 541. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. Input/Output Marine Sys., Inc., supra, at 916. The quality of definiteness is essential to a proper judgment. Id.; Russo v. Fidelity & Deposit Co., 129 La. 554, 56 So. 506, 508 (La.1911).
The portion of the judgment at issue addressing Duhon’s reconventional demand is not precise, definite and certain. Further, the specific relief granted or denied, i.e., whether the trial court considered Duhon’s claims on their merits, is not determinable from the language of the judgment appealed. One cannot discern from the face of the judgment the specific relief granted or denied. As such, it is my opinion that the judgment as to Duhon’s reconventional demand is defective and therefore not a valid judgment.
This court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. Id.; Creighton, Richards & Higdon, L.L.C. v. Richards Clearview, L.L.C., 09-247, pp. 3-4 (La.App. 5 Cir. 10/29/09), 28 So.3d 391, 393. Because this Court lacks jurisdiction in the absence of a valid judgment, I would dismiss this appeal without prejudice and remand to the trial court so that a valid, final judgment may be rendered.