NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1304

NUGIE J. ROY, ET UX.

VERSUS

GERALD WAYNE CORMIER, ET UX.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2010-10599
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Marc. T. Amy, James T. Genovese, and John E. Conery, Judges.

APPEAL DISMISSED.

**Randall Lee Wilmore**
**Gregory B. Odom, II**
**Christie C. Wood**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box Box 6118**
**Alexandria, Louisiana 71307-6118**
**(318) 445-6471**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Nugie J. Roy**
 **Sarah Meaux Roy**
**AND COUNSEL FOR THIRD-PARTY DEFENDANTS/APPELLEES:**
 **Phillip L. Ruddock**
 **Sara Ruddock**
 **Emma Ruddock**

**Roger P. Hamilton, Jr.**
**Attorney at Law**
**Post Office  Box 12625**
**New Iberia, Louisiana 70562**
**(337) 364-6085**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **Gerald Wayne Cormier**
 **Gwyn Everett Cormier**

**GENOVESE, Judge.**

This court issued, *sua sponte*, a rule ordering the Defendants-Appellants, Gerald Wayne Cormier and Gwyn Everrett Cormier, to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a partial judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B). For the reasons assigned, we hereby dismiss the appeal.

Defendants reside on property facing Highway 90 in Acadia Parish, and Plaintiffs, Nugie J. Roy and Sarah Roy Meaux, are Defendants' neighbors. Allegedly, Defendants have falsely claimed an ownership interest in a right-of-way on Highway 90, have refused to allow Plaintiffs to cross the portion of the right-of-way fronting Defendants' property, and have caused Plaintiff, Mr. Roy, to be cited for criminal trespass as a result of his use of the right-of-way. Plaintiffs filed suit against Defendants seeking a declaratory judgment recognizing Mr. Roy as the owner of a portion of the Highway 90 right-of-way and holding that Defendants do not have an ownership interest in the right-of-way. By their lawsuit, Plaintiffs also seek damages for defamation and for intentional infliction of emotional distress. Defendants filed a reconventional demand seeking damages from Plaintiffs for defamation, harassment, and mental anguish, as well as a declaratory judgment recognizing that the property which Defendants own extends to the center line of Highway 90. Defendants also filed a third demand seeking damages from Third Party Defendants, Phillip Ruddock, Sara Ruddock, and Emma Ruddock. Third Party Defendants own property near Defendants' property. Defendants have accused them of allowing their animals to roam on Defendants' property and of engaging in various actions designed to harass Defendants.

Plaintiffs and Third Party Defendants filed a motion for partial summary judgment seeking a judgment declaring that Plaintiff, Mr. Roy, has an ownership interest in a portion of the Highway 90 right-of-way, that Defendants have no ownership interest in the right-of-way, and that Defendants are prohibited from interfering with the Plaintiffs' and Third Party Defendants' use of the Highway 90 right-of-way. The trial court granted the motion for partial summary judgment, and a judgment to that effect was signed on June 24, 2013. The notice of judgment was mailed on the same day.

Defendants filed a motion for appeal on July 29, 2013, and the trial court signed the order of appeal on August 13, 2013. The appeal record was lodged in this court on November 14, 2013. As stated above, upon the lodging of the record in this appeal, this court issued a rule for the Defendants to show cause why the appeal should not be dismissed as having been taken from a partial judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B).

In their response to this court's rule to show cause order, Defendants assert that the judgment granting Plaintiffs' and Third Party Defendants' motion for partial summary judgment is a final judgment because it grants ownership rights. However, Defendants do not cite any legal authority in support of that assertion. Contrary to defendants' assertion, we do not find that the judgment at issue should be deemed appealable simply by virtue of the fact that the judgment holds that Plaintiff, Mr. Roy, has an ownership interest in the Highway 90 right-of-way.

Since the trial court's ruling granting the motion for partial summary judgment grants only some of the relief sought by Plaintiffs' lawsuit, we find that the judgment constitutes a partial judgment under La.Code Civ.P. art. 1915(B).

2

Pursuant to La.Code Civ.P. art. 1915(B), a partial judgment is not a final judgment unless the trial court designates the judgment as final after expressly determining that no just reason exists for delay of an appeal. Although the judgment sought to be appealed does not contain a designation of immediate appealability, Defendants seek appellate review of that judgment at this time. Thus, we now turn to this question of whether such a designation is warranted in this case.

In *Setliff v. Slayter,* 08-1337 (La.App. 3 Cir. 1/7/09), 1 So.3d 799, the defendant sought to appeal a judgment granting a motion for partial summary judgment as to less than all the claims in that case. To determine whether that judgment should be certified immediately appealable, this court looked to *Fakier v. State, Bd. of Supervisors for Univ. of La. Sys.*, 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024, which relied on the following factors which are set forth in *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113, 1122, *citing Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364:

> 1) The relationship between the adjudicated and unadjudicated claims;
> 2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
> 3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
> 4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

In *Setliff,* 1 So.3d 799, this court concluded that the partial judgment in that case was not ripe for an immediate appeal. In reaching this conclusion, this court noted that a reversal of the partial judgment would not terminate the entire litigation. The court also noted that La.Code Civ.P. art. 1915(B)(2) permits the trial court to revise its ruling on the motion for partial summary judgment at any time prior to a final judgment, thereby rendering moot the need for an immediate

3

appeal of the partial judgment at issue. Additionally, the court in *Setliff* stated that "[w]e find that judicial resources would be wasted by the appellate review of the partial summary judgment at this time, considering the probability of a later appeal involving the adjudication of the remaining claims." *Id.* at 808. Thus, this court concluded that review of the partial judgment at issue could be made after the final adjudication of all the remaining issues.

Just like the partial judgment in *Setliff*, 1 So.3d 799, we find that the partial judgment at issue in the instant case should not be designated as a final judgment for purposes of an immediate appeal. We note that a reversal of the judgment granting Plaintiffs' and Third Party Defendants' motion for partial summary judgment will not terminate the litigation because the claims for such things as mental anguish, defamation, and harassment will still be pending in the main demand, the reconventional demand, and the third party demand. We also note that pursuant to La.Code Civ.P. art. 1915(B)(2), the trial court can later revise its ruling regarding the ownership interests in the Highway 90 right-of-way. Further, we note that since this case is a highly contentious case, there is a strong likelihood that an appeal will be sought with regard to the remaining claims in the case. Therefore, we find that piecemeal appeals are not warranted in this case and that Defendants should wait and seek an appeal after the entire case has been adjudicated. For these reasons, we hereby order that the instant appeal be dismissed at Defendants' costs.

Additionally, we note that in their response to the rule to show cause order, Defendants ask this court to address the issue of whether the trial court, after the filing of the instant appeal, retained jurisdiction to rule on an exception of

nonjoinder of a party. However, we find that our decision to dismiss the instant appeal renders that jurisdictional issue moot.

**APPEAL DISMISSED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.