NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-185 CONSOLIDATED WITH CA 16-186


SUCCESSION OF DONALD CARL HODGE, SR.


CONSOLIDATED WITH:


COMMON PLACE PROPERTIES, L.L.C.
AND RONALD GRANGER

VERSUS

ESTATE OF DONALD C. HODGE, SR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 52,556 C/W  2015-2285
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**********

PHYLLIS M. KEATY

JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


APPEALS DISMISSED.
ANSWER TO APPEALS DISMISSED.


Thomas John Gayle
Gayle Law Firm
Post Office Box 3190
Lake Charles, LA 70602
(337) 494-1220
COUNSEL FOR PLAINTIFF/APPELLEE:
    Ronald Lee Granger

**Donald Carl Hodge, Jr.**
**Attorney at Law**
**4148 Palm Street**
**Baton Rouge, LA 70808**
**(337) 794-8873**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Estate of Donald Carl Hodge, Sr.**

**KEATY, Judge.**

This court issued, *sua sponte*, a rule ordering the Appellant, the Estate of Donald C. Hodge, Sr., to show cause, by brief only, why the appeals in these cases should not be dismissed for having been taken from a partial judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B). For the reasons assigned, we hereby dismiss the appeals. Additionally, we dismiss the answer to the appeals.

These cases involve the succession of Donald C. Hodge, Sr., who died intestate on October 18, 2012. The succession proceeding has been consolidated with a separate lawsuit which Common Place Properties, L.L.C. (Common Place), and its manager, Ronald Granger, filed against the estate of Donald C. Hodge, Sr. Common Place and Mr. Granger (sometimes hereinafter, "Plaintiffs"). Plaintiffs allege that Common Place, owns a one-half interest in a rental house and a lot located on Orange Street in Lake Charles, Louisiana, and that the other one-half interest in the property was transferred by Common Place to Mr. Hodge on October 2, 2008. However, Plaintiffs maintain that the sale/transfer of the rent house and lot to Mr. Hodge should be rescinded on the ground that the purchase price was never paid. Plaintiffs also allege that in July of 2011, Common Place obtained a loan secured by the rent house and lot. Further, Plaintiffs allege that although Mr. Hodge was given $25,000.00 out of those loan proceeds, he never repaid any portion of the loan.

Additionally, Plaintiffs allege that in August of 2008, Mr. Hodge entered into a bond for deed contract for the acquisition of a hair salon located on Alamo Street in Lake Charles, Louisiana. Plaintiffs assert that although Mr. Hodge executed the bond for deed in his name personally and made most of the initial

down payment for the hair salon, the parties intended that Mr. Hodge would transfer his interest in the salon to Common Place in exchange for Mr. Hodge being given an equity position in Common Place. It is further alleged that Plaintiff, Mr. Granger, managed the hair salon and that the revenue generated from the rental of salon space was supposed to be used to make payments towards a $50,000.00 balance owed under the bond for deed agreement.

Plaintiffs filed their lawsuit against Mr. Hodge's estate on June 9, 2015. By their lawsuit, Plaintiffs seek rescission of the sale of the rent house and lot to Mr. Hodge or, alternatively, an award of the purchase price; repayment of the funds advanced to Mr. Hodge from the proceeds of the 2011 loan; reformation of the 2008 bond for deed contract to reflect the parties' true intentions or, alternatively, payment of management fees for Mr. Granger's services; damages; and costs.

In response to Plaintiffs' lawsuit, the independent administrator of Mr. Hodge's estate filed an answer and a reconventional demand arguing that there is no valid evidence of a $25,000.00 loan being given to Mr. Hodge by Common Place, that Mr. Hodge is the full owner of the hair salon on Alamo Street, and that Mr. Hodge has a one-half ownership interest in Common Place and in the rent house and lot on Orange Street. The administrator also maintains that Mr. Hodge's estate is entitled to have the rent house on Orange Street sold pursuant to a lease-purchase agreement entered into by Common Place and the current occupants of the home. Further, the administrator contends that the estate is entitled to a monetary award from Plaintiffs because Mr. Granger, converted funds and failed to accurately report money earned from the hair salon during his management of the salon. Finally, the administrator alleges that the estate is owed $5,000.00 plus profits from Mr. Granger, as a result of an investment that Mr. Hodge made in a

2

business known as the Cajun Fun Shop in November of 2011. In response to the reconventional demand arising out of the investment in the Cajun Fun Shop, Mr. Granger, filed an exception of prescription.

The administrator of Mr. Hodge's estate filed with the trial court a rule to show cause seeking to have Plaintiffs ordered to show cause why the estate should not be granted the relief requested in its reconventional demand. The administrator also filed some exceptions of prescription in response to Plaintiffs' lawsuit. To the extent that Plaintiffs seek to nullify the 2008 sale of a one-half ownership interest in the rent house and lot to Mr. Hodge and to nullify the 2008 bond for deed contract for the purchase of the hair salon, the administrator argues that Plaintiffs' claims are prescribed under La.Civ.Code art. 2032, which provides for a five-year prescriptive period for having a relatively null contract nullified. With regard to Plaintiffs' attempt to recover for the loan allegedly made to Mr. Hodge in July of 2011, the administrator asserts that Plaintiffs' claims are barred by the three-year prescriptive period set forth in La.Civ.Code art. 3494(3). Further, the administrator contends that the claim by Mr. Granger, for reimbursement pay for management services provided at the hair salon is barred by the three year prescriptive period set forth in La.Civ.Code art. 3494(1).

Plaintiffs' lawsuit against Mr. Hodge's estate was consolidated with Mr. Hodge's succession proceedings on August 15, 2015, and a trial was held on October 13, 2015. On December 4, 2015, the trial court signed a judgment, which granted in part and denied in part the relief sought by Plaintiffs via their lawsuit and the relief sought by Mr. Hodge's estate via its reconventional demand, exceptions, and rule to show cause. The trial court found that the $25,000.00 that was given to Mr. Hodge out of the proceeds from the 2011 loan, which was

secured by the rent house and lot, was, in fact, a loan to Mr. Hodge; however, the prescriptive period for Plaintiffs to collect on that debt has lapsed. The exceptions of prescription were denied 1) as to Plaintiffs' claims for nonpayment of the sales price for the rent house and lot on Orange Street; and 2) as to Plaintiffs' relative nullity claim pertaining to the purchase of the hair salon on Alamo Street via the 2008 bond for deed contract. The trial court ordered that, on the ground of mutual error, both the warranty deed for the purchase of the property on Orange Street and the 2008 bond for deed contract for the purchase of the hair salon on Alamo Street be reformed to reflect that the sole owner/purchaser of those properties is Common Place. With regard to the reconventional demand that the administrator of Mr. Hodge's estate filed seeking to have Mr. Granger repay the $5,000.00 investment Mr. Hodge made in the Cajun Fun Shop, the trial court dismissed that claim as prescribed. With regard to the reconventional demand whereby Mr. Hodge's estate seeks an accounting for Mr. Granger's management of the hair salon, the trial court reserved the right to address that issue at a later date and ordered the parties to make a reasonable effort to provide a financial accounting before raising that issue again.

The Administrator filed a motion for appeal on behalf of Mr. Hodge's estate on December 28, 2015. The trial court signed the order of appeal on January 6, 2016. The appeal record was lodged in this court on March 15, 2016. As stated above, upon the lodging of the record in this appeal, this court issued a rule for Mr. Hodge's estate to show cause why the appeal should not be dismissed as having been taken from a partial judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B). The administrator for Mr. Hodge's estate filed a response to this court's rule to show cause order.

4

Also, after the rule to show cause order was issued, Mr. Granger, filed an answer to the appeals. Plaintiff states that in the event that the instant appeals are determined to be properly before this court, then he would request that we review the trial court's finding that the claim for the $25,000.00 loan to Mr. Hodge has prescribed.

The judgment at issue grants Plaintiffs' request to have both the purchase contract involving the rent house and lot and the bond for deed contract affecting the purchase of the hair salon reformed to reflect the parties' true intent. In addition, the judgment grants the estate's exception of prescription with regard to the claim for repayment of the $25,000.00 loan to Mr. Hodge. The judgment also grants the exception of prescription directed at the reconventional demand for repayment of the $5,000.00 investment that Mr. Hodge made in the Cajun Fun Shop. Because the parties have been granted some of the relief requested and because the exceptions of prescription have been sustained in part, we find that the judgment at issue is a partial judgment under La.Code Civ.P.art 1915(B).

Louisiana Code of Civil Procedure Article 1915(B) reads:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
>
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

In its response to this court's rule to show cause order, the appellant in this case, Mr. Hodge's estate, asserts that the appeal should be allowed to proceed. The estate does not indicate that it has made a request for the trial court to designate the judgment at issue a final, appealable judgment in accordance with La.Code Civ.P. art. 1915(B). Rather, the estate simply notes that the judgment being appealed resolves every issue in the case, except the issue pertaining to the estate's claim for an accounting from Mr. Granger, with regard to his management of the hair salon. The estate points out that when the other issues were tried, the trial court found that the accounting issue was not ripe for consideration at that time and, thus, needed to be left open for consideration at a later date. Since Mr. Hodge's estate seeks to appeal a partial judgment without the required designation of immediate appealability, we now turn to this question of whether such a designation is warranted in this case.

In *Setliff v. Slayter,* 08-1337 (La.App. 3 Cir. 1/7/09), 1 So.3d 799, the defendant sought to appeal a judgment granting a motion for partial summary judgment as to less than all the claims in that case. To determine whether that judgment should be certified immediately appealable, this court looked to *Fakier v. State, Bd. of Supervisors for Univ. of La. Sys.*, 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024, which relied on the following factors which are set forth in *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113, 1122, *citing Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364:

> 1) The relationship between the adjudicated and unadjudicated claims;
> 2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
> 3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and

6

4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

In *Setliff,* 1 So.3d 799, this court concluded that the partial judgment in that case was not ripe for an immediate appeal. In reaching this conclusion, this court noted that a reversal of the partial judgment would not terminate the entire litigation. We also noted that La.Code Civ.P. art. 1915(B)(2) permits the trial court to revise its ruling on the motion for partial summary judgment at any time prior to a final judgment, thereby rendering moot the need for an immediate appeal of the partial judgment at issue. Additionally, we stated that "[w]e find that judicial resources would be wasted by the appellate review of the partial summary judgment at this time, considering the probability of a later appeal involving the adjudication of the remaining claims." *Id.* at 808. Thus, we concluded that review of the partial judgment at issue could be made after the final adjudication of all the remaining issues.

In the instant case, we also find that the partial judgment at issue should not be designated as a final judgment for purposes of an immediate appeal. A reversal of the judgment at issue will not terminate the litigation because there is still a pending claim whereby Mr. Hodge's estate seeks a monetary award as a result of an alleged conversion of funds by Mr. Granger while he was managing the hair salon. We also note that pursuant to La.Code Civ.P. art. 1915(B)(2), the trial court can later revise its rulings regarding those issues that it has already decided.

Further, the accounting claim which has not been adjudicated is interrelated to one of the claims that has already been adjudicated. Thus, the trial court granted Plaintiffs' request for reformation of the 2008 bond for deed to reflect that the intended owner of the hair salon is Common Place. As an alternative request for

relief, Plaintiffs assert in their petition that if Common Place were not entitled to be deemed the owner of the hair salon, then Mr. Granger should be awarded management fees as a result of having unjustly enriched Mr. Hodge by managing the salon. Thus, if the trial court's ruling on the reformation issue were reversed, then Mr. Granger's request for management fees would be back up for consideration. Since Mr. Granger's management fees claim and the estate's accounting claim against Mr. Granger due to the alleged mismanagement and conversion of funds are interrelated, we find that those issues should not be separated on appeal. Therefore, we find that Mr. Hodge's estate should wait and seek an appeal after the entire case has been adjudicated. For these reasons, we hereby order that the instant appeal be dismissed at the appellant's cost.

Ronald Granger also filed an answer to the appeals. However, in his answer, Plaintiff indicates that he seeks the relief requested via his answer only if it is determined that the appeals are properly before this court. Because we have determined that the appeals are not properly before this court, we hereby dismiss the answer to the appeals.

**APPEALS DISMISSED.**
**ANSWER TO APPEALS DISMISSED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.