# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-111

NARRIMAN FAKIER

VERSUS

STATE OF LOUISIANA, BOARD OF SUPERVISOR[S] FOR THE UNIVERSITY OF LOUISIANA SYSTEM , ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 104,587-G
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Elizabeth A. Pickett, Judges.

APPEAL DISMISSED.

Steven J. Dupuis
Special Assistant Attorney General
P. O. Drawer 4425
Lafayette, LA 70502-4425
Telephone:  (337) 233-6070
COUNSEL FOR:
    Defendant/Appellee - Board of Supervisors of the University of Louisiana System through the University of Louisiana at Lafayette

Edmond L. Guidry, III
324 South Main Street
St. Martinville, LA 70582
Telephone:  (337) 394-7116
COUNSEL FOR:
    Plaintiff/ Appellant - Narriman Fakier

**THIBODEAUX, Chief Judge.**

In 2005, plaintiff-appellant, Narriman Fakier (Fakier), brought claims against her employer, defendant-appellee, the Board of Supervisors of the University of Louisiana System Through the University of Louisiana at Lafayette (Board), for wrongful termination, retaliatory discharge, violations of state whistle blower statutes, and violation of the First Amendment right of free speech. The Board filed a document entitled "Peremptory Exceptions of No Cause of Action and/or No Right of Action," based upon the First Amendment claim. The trial court granted the exception of no cause of action, denied the exception of no right of action, and dismissed the First Amendment claim. The partial judgment signed by the trial court was designated as a final judgment. Fakier immediately appealed the judgment. For the reasons set forth below, we find that the trial court improperly certified the partial judgment as final, and we dismiss the appeal.

I.

## ISSUES

We must decide:

(1)  whether the partial judgment of the trial court, granting Defendant's exception as to one of Plaintiff's claims is a final judgment for purposes of an immediate appeal; and, if so

(2)  whether the trial court erred in granting the exception and dismissing Plaintiff's claim for employer violation of the First Amendment right of free speech.

II.

## FACTS AND PROCEDURAL HISTORY

Narriman Fakier was employed in the field of animal research at the University of Louisiana at Lafayette with the New Iberia Research Center (NIRC)

between 2002 and 2004. During her tenure, she disagreed with and voiced her concerns about methods and procedures used in testing the primates at NIRC, such as the administration of group anesthesia. Fakier also took issue with the care given to the primates, including an alleged incident involving cruelty toward the chimps by a certain employee, who was apparently terminated for the behavior. In her Petition for Damages, Fakier alleged violations of the Animal Welfare Act and stated that she complained to her supervisor and the director of NIRC to no avail. Her petition states that she was told by the director in 2003 that her concerns would not be addressed and that, if she had a problem with that, she should quit.

Fakier's petition further states that on February 4, 2004, she wrote her supervisor a letter via e-mail, complaining about an alleged relocation of the chimps. Her petition alleges that on February 6, 2004, she was forced to resign her position as coordinator for NIRC due to her use of poor judgment, failure to follow chain of command, failure to comply with counseling, threatening the security of NIRC, and insubordination. Fakier's petition further alleges that on February 8, 2004, she forwarded correspondence to the chairperson of the Institutional Animal Care and Use Committee (IACUC) of NIRC, an oversight committee relied upon by the government to monitor its own house. She alleges that she filed claims with the USDA and other outside agencies, but does not provide dates for those filings. Fakier's petition alleges that she is the original source for the facts and information alleged in the petition and that the facts averred are based upon her personal observation.

The trial court sustained the exception of no cause of action on the basis that Fakier's speech was pursuant to her job duties and was, therefore, subject to employer discipline and not protected by the First Amendment. The August 2007

Judgment, prepared by Fakier and disapproved by the Board, states that the Judgment is designated as a final judgment. Fakier filed a Petition for Appeal and an Order, both of which state that there is no just reason for delaying the appeal. The Order is signed by the trial judge. However, other than a conclusory statement that there is no just reason for delay, no specific reasons for that finding were given.

III.

## LAW AND DISCUSSION

### Standard of Review

The proper standard of review for an order designating a judgment as final and immediately appealable, when the order is accompanied by explicit reasons for the certification, is whether the trial court abused its discretion. However, if the trial court fails to give explicit reasons for the certification, the appellate court should conduct a *de novo* determination of whether the certification was proper. *R.J. Messinger, Inc. v. Rosenblum,* 04-1664 (La. 3/2/05), 894 So.2d 1113. Accordingly, we will conduct a *de novo* review. Likewise, because the peremptory exception of no cause of action raises a question of law and the district court's decision is based solely on the sufficiency of the petition, review of the district court's ruling on a peremptory exception of no cause of action is *de novo*. *Scheffler v. Adams and Reese, LLP*, 06-1774 (La. 2/22/07), 950 So.2d 641.

### The Law on Partial Judgments and La.Code Civ.P. art. 1915

In the present case, the trial court sustained an exception of no cause of action, dismissing only one of Fakier's claims, the alleged violation of her First Amendment right of free speech. Fakier asserts that it was error to dismiss the claim because it arose out of the same operative facts as her other claims for wrongful

termination, retaliatory discharge and violation of state whistle blower statutes. She further argues that the trial court erred in dismissing her claim and in finding that her speech was made pursuant to her official job duties as a public employee and, therefore, not protected from employer discipline by the First Amendment. The Board argues that, as a threshold matter, the appeal is premature and should be dismissed as to a violation of the First Amendment right of free speech. Alternatively, the Board argues that the trial court properly dismissed the claim because Fakier's petition repeatedly indicates that she spoke pursuant to her job duties wherein she alleged that she was forced to resign two days *after* sending an e-mail to her supervisor about animal safety violations, but two days *before* forwarding the e-mail to an outside agency.

Because we find that the judgment in this case was improperly certified as a final, immediately appealable judgment, we do not reach the issue of whether there was a free speech cause of action stated in Fakier's petition.

More specifically, La.Code Civ.P. art. 1915 states as follows:

Art. 1915. Partial final judgment; partial judgment; partial exception; partial summary judgment

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

4

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article[s] 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.

The Board argues that the judgment in this case is not final and immediately appealable because the trial court did not perform any of the enumerated actions in La.Code Civ.P. art. 1915 A. Fakier argues that the judgment is final and immediately appealable under La.Code Civ.P. art 1915 B, which was added by the passage of Act 483 in 1997, because under B(1) the trial court *designated* the judgment as a final judgment after an *express determination* that there is no just

reason for delay. In 2005, our Louisiana Supreme Court in *R.J. Messinger, Inc. v. Rosenblum,* 894 So.2d 1113, provided an in depth analysis of La.Code Civ.P. art. 1915 in order to determine what constitutes an *express determination* by the court and in order to settle the split in the circuits regarding that issue.

In the *Messinger* case, the court discussed the addition of subsection B to La.Code Civ.P. art. 1915 in 1997, and its further revision in 1999 wherein language was deleted that had authorized the parties to agree that a partial judgment constituted a final judgment for purposes of an immediate appeal. In discussing our policies against multiple appeals and piecemeal litigation, and our operating principles of sound judicial administration that promotes judicial efficiency and economy, the court articulated as follows:

> In order to assist the appellate court in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay. However, if the trial court fails to do so, we find the appellate court cannot *summarily* dismiss the appeal [as in Fourth Circuit cases]. For purposes of judicial efficiency and economy, we approve the approach taken by the First, Third and Fifth circuits, and hold the proper standard of review for an order designating a judgment as final for appeal purposes when accompanied by explicit reasons is whether the trial court abused its discretion. If no reasons are given but some justification is apparent from the record, the appellate court should make a de novo determination of whether the certification was proper. Of course, if after examination of the record the propriety of the certification is not apparent, the court of appeal *may* request a *per curiam* from the trial judge. Alternatively, the court of appeal *could* issue a rule to show cause to the parties requiring them to show why the appeal should not be dismissed for failure to comply with La.Code Civ.P. art.1915, when the propriety of the certification is not apparent and the trial court has failed to give reasons for its certification.

*R.J. Messinger, Inc.,* 894 So.2d at 1122 (emphasis added).

The *Messinger* court then listed the non-exclusive factors developed in *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3rd Cir. 1975), regarding Federal Rule of Civil Procedure 54(b), for use by trial judges when considering whether a partial judgment should be certified as appealable, and for use by appellate courts when conducting *de novo* reviews in matters where the trial court fails to give explicit reasons for the certification. The *Allis-Chalmers* factors are as follows:

> 1) The relationship between the adjudicated and unadjudicated claims;
>
> 2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
>
> 3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
>
> 4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*R.J. Messinger, Inc.*, 894 So.2d at 1122.

In the redhibition case of *Berman v. De Chazal*, 98-81 (La.App. 5 Cir. 5/27/98), 717 So.2d 658, approved of in *Messinger*, the Fifth Circuit dismissed an appeal after considering the *Allis-Chalmers* factors in a *de novo* review. The *Berman* court articulated as follows:

> Historically, both the federal and Louisiana courts have maintained policies against partial appeals in on-going cases. As stated in *Everything On Wheels Subaru, Inc. v. Subaru South Inc.*[,] 616 So.2d 1234 (La.1993), if all partial judgments relating to only some claims or defenses or less than all parties were routinely appealed, "there would be intolerable problems of multiple appeals and piecemeal litigation." On the other hand, it was also recognized in the federal system that there were situations in which fairness to the parties counseled allowing immediate, although partial, appeals. In this latter circumstance, the federal rule granted to trial judges the discretion to weigh the competing factors of sound judicial

7

administration and justice to the litigants, and to certify partial final judgments for appeal when justice to the litigants preponderated, *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). This procedure also resolves the problem of litigants often having to speculate about whether a partial judgment should be appealed immediately or after the remainder of the case is resolved, *see Everything on Wheels Subaru, Inc. v. Subaru South, Inc., supra.*

*Berman v. De Chazal*, 717 So.2d at 660.

After listing the *Allis-Chalmers* factors, the *Berman* court decided as follows:

> [W]e find that the interest of judicial administration far outweighs any considerations of justice to the parties in regard to the appealability of the partial judgments entered in the case. It is evident that the partial judgment will not terminate the suit, and that the same parties will continue to litigate the remaining issues. At least one claim for relief, *i.e.* re[s]cission of the sale, if granted because of the roof problem, would render the present appeal moot. Were we to reverse the judgment on grounds that there still exist material facts in dispute as to the latency of some of the alleged defects, we would very possibly have to review those matters again on another appeal. Finally, judicial administration has obviously been negatively effected because presumably the remainder of the case has been delayed pending the outcome of this appeal. If indeed it has not been stayed, and the matter has gone to judgment on the remaining issues (on the authority of Art.1915(C)), then were we to reverse the judgment before us and remand these issues for trial, the result would be piecemeal litigation of the most intolerable kind. Having determined that it was improper for the trial judge to have certified the present partial judgment as appealable because the interest of judicial administration far outweigh any equitable considerations for the litigants, we hereby dismiss this appeal.

*Berman v. De Chazal*, 717 So.2d at 661.

Similarly, in the present case, the partial judgment on the First Amendment issue will not terminate the suit, and the same parties will continue to litigate the remaining issues of wrongful termination, retaliatory discharge, and

8

violation of state whistle blower statutes. Moreover, the plaintiff admits that all claims arise out of the same operative facts. Therefore, the same witnesses, evidence, and facts will be introduced, resulting in duplicate trials of the issues. Furthermore, discovery is sparse at this stage and ongoing; therefore, future developments may moot any current review. Likewise, there is a possibility that we may have to consider the same issue a second time. If we reverse, we may possibly have to consider a motion for summary judgment on the same issue. We also note that, the exception of no cause of action is peremptory and can be brought after a trial on the merits, and, pursuant to La.Code Civ.P. art 1915 B(2), the trial court's decision granting the exception at issue may be revised at any time prior to rendition of the judgment adjudicating all of the claims and the rights and liabilities of all the parties.

Finally, as in *Berman*, judicial administration has clearly been negatively affected because the remainder of the case has presumably been delayed pending the outcome of this appeal. If the matter has gone to judgment on the remaining issues (on the authority of Art. 1915(C)), then were we to reverse the judgment before us and remand these issues for trial, the result would be piecemeal litigation.

IV.

## CONCLUSION

Accordingly, based upon the foregoing, we find that the judgment at issue in this case was improperly certified as a final, immediately appealable judgment, and we hereby dismiss the appeal.

**APPEAL DISMISSED.**