**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**08-811**

**KEVIN TATE**
**VERSUS**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 67202-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MICHAEL G. SULLIVAN**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Michael G. Sullivan, Judges.

**APPEAL DISMISSED.**

**Jeffrey Michael Bassett**
**Patrick Craig Morrow, Sr.**
**Morrow, Morrow, Ryan & Bassett**
**Post Office Drawer 1787**
**Opelousas, LA 70507**
**(337) 948-4483**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Kevin Tate**

1

**Mark Reese Pharr, III**
**Galloway, Johnson, Tomkins, Burr & Smith**
**4021 Ambassador Caffery, #175**
**Lafayette, LA 70503**
**(337) 735-1760**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **ASRC Constructors, Inc.**

**Matthew Joseph Hill, Jr.**
**Attorney at Law**
**4010 W. Congress, Suite 207**
**Lafayette, LA 70506**
**(337) 989-8100**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **State Farm Mutual Automobile Insurance Company**
    **James Fontenot**

**Vernon Ed McGuire, III**
**Plauche', Smith & Nieset**
**Post Office Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Progressive Security Insurance Company**

SULLIVAN, Judge.

This court issued, *sua sponte*, a rule ordering the defendant-appellant, ARSC Constructors, Inc. (ASRC), to show cause, by brief only, why its appeal in this matter should not be dismissed as having been taken from a judgment that was improperly designated as a final, appealable judgment pursuant to La.Code Civ.P. art. 1915(B). On July 28, 2008, this court received ASRC's response to the rule. For the reasons given herein, we hereby dismiss the appeal.

The plaintiff-appellee, Kevin Tate, filed the instant suit seeking damages arising from an automobile accident wherein his vehicle was struck by a vehicle driven and owned by defendant, James Fontenot, an employee of ASRC. Tate and ASRC filed cross motions for summary judgment on the issue of whether Fontenot was in the course and scope of his employment at the time of the accident.

Following a hearing, the trial court granted Tate's motion for summary judgment finding that Fontenot was in the course and scope of his employment at the time of the accident. The trial court also denied ASRC's motion for summary judgment seeking to declare that Fontenot was not in the course and scope of his employment. In addition, the trial court designated the judgment at issue as final pursuant to La.Code Civ.P. art. 1915(B). Upon the lodging of the record in this appeal, this court issued the rule *sub judice*.

Louisiana Code of Civil Procedure Article 1915(B)(1) provides:

> When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the

court after an express determination that there is no reason for delay.

Although the trial court designated the ruling at issue as final, the court gave no reasons for the designation as required in La.Code Civ.P. art. 1915(B)(1). Therefore, this court must conduct a *de novo* review of whether the certification was proper pursuant to *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113. In *Messinger*, the Louisiana Supreme Court listed the non-exclusive factors for considering whether a partial judgment should be certified as appealable. The factors include:

> 1) The relationship between the adjudicated and unadjudicated claims; 2) The possibility that the need for review might or might not be mooted by future developments in the trial court; 3) The possibility that the reviewing court might be obliged to consider the issue a second time; and 4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id*. at 1122, *citing Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

Recently, this court utilized the factors listed in *R.J. Messinger*, 894 So.2d 1113, to find that the trial court improperly designated the appealed partial judgment as final and dismissed the appeal in *Fakier v. State, Bd. of Supervisor[s] for the Univ. of La. Sys.*, 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024. In *Fakier*, the plaintiff filed suit against her employer alleging several free-speech related claims. The trial court sustained an exception of no cause of action and dismissed only one of the plaintiff's claims. In designating the judgment final, the trial court merely concluded that there was no just reason for delay but failed to give specific reasons.

On review, this court found that the partial judgment would not terminate the suit, and that the same parties would continue to litigate the

4

plaintiff's remaining claims. This court also stated that all of the plaintiff's claims arose out of the same operative facts and future developments in the trial court could moot this court's review. Finally, this court found that "judicial administration has clearly been negatively affected because the remainder of the case has presumably been delayed pending the outcome of this appeal." *Id*. at 1030.

Similarly, in the instant case, in granting ASRC's appeal, the trial court gave no specific reasons for designating its judgment as final, other than stating that there is no just reason for delay. In applying the *R.J. Messinger* factors to the instant case, we find that the adjudicated partial judgment does not terminate the suit nor will the reversal of this ruling. The judgment is merely a legal determination of Fontenot's status at the time of the accident that results in ASRC remaining in this litigation as potentially vicariously liable for the actions of its employee.

Moreover, although there is no possibility of this court having to consider this same issue a second time, the judgment may be rendered moot by future developments in the trial court. For example, if judgment is rendered finding no fault on the part of Fontenot in causing this accident, ASRC will also be absolved of liability.

Accordingly, based upon these reasons, we find that the judgment at issue in this appeal was improperly certified as a final, immediately appealable judgment, and we hereby dismiss this appeal at appellant's cost.

**APPEAL DISMISSED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.