NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1056 AND 09-1508

JONATHON GUILLORY
VERSUS
PROGRESSIVE SECURITY INS., ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-1743
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

APPEALS CONSOLIDATED AND DISMISSED.

Matthew C. Nodier
Walsh & Bailey
Post Office Box 3157
Baton Rouge, LA 70821
(225) 383-8649
FOR DEFENDANT/APPELLANT:
        American Home Assurance Company

Brendan P. Doherty
Gieger, Laborde & Laperouse
701 Poydras Street, Suite 4800
New Orleans, LA 70139-4800
(504) 561-0400
FOR DEFENDANT/APPELLANT:
        American Home Assurance Company

Joseph R. Pousson, Jr.
Plauché, Smith & Nieset
Post Office Box 1705
Lake Charles, LA 70602
(337) 436-0522
FOR DEFENDANT/APPELLEE:
    Progressive Security Insurance Company

Richard E. Wilson
Cox, Cox & Filo
723 Broad Street
Lake Charles, LA 70601
(337) 436-6611
 FOR PLAINTIFF/APPELLEE:
    Jonathon Guillory

Claude P. Devall
Newman, Hoffoss & Devall
1830 Hodges Street
Lake Charles, LA 70601
(337) 439-5788
 FOR PLAINTIFF/APPELLEE:
    Jonathon Guillory

Kelly E. Heinen
Attorney at Law
200 West Congress, Suite 650
Lafayette, LA 70501
(337) 235-5656
FOR INTERVENORS/APPELLEES:
    New Hampshire Insurance Company
    Cox Communications, Lafayette

**COOKS**, Judge.

On September 3, 2009, this court issued a rule for the appellant to show cause, by brief only, why the appeal in this court's docket number 09-1056 should not be dismissed as "having been taken from a partial judgment not designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B) and without express reasons pursuant to *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 113." The defendant/appellant, American Home Assurance Company (American), filed a response to this court's rule on September 17, 2009, asserting that the trial court had, subsequent to this court's rule to show cause, signed an amended judgment designating as final the judgment of which appellate review is being sought. The plaintiff, Jonathon Guillory, filed his reply on September 28, 2009, submitting no opposition to allowing this appeal to proceed but noting some discrepancies with American's argument. For the reasons assigned below, we dismiss the appeals.

The instant litigation arises out of a vehicular collision, wherein the plaintiff was operating a truck owned by Cox Enterprises. The plaintiff sued the other driver, Yvette Clark; Progressive Security Insurance Company, as insurer of Clark; and American Home Assurance Company, as uninsured/underinsured motorist insurer for the Cox truck that the plaintiff was operating. Subsequently, Cox Communications, Lafayette and New Hampshire Insurance Company intervened.

Thereafter, the plaintiff filed a motion for summary judgment seeking a declaration that the uninsured/underinsured motorist rejection form at issue was invalid, and therefore, uninsured/underinsured motorist coverage was in effect at the time of the accident. American filed a cross-motion for summary judgment seeking a finding that the uninsured/underinsured motorist rejection was valid.

1

Following a hearing, the trial court issued a judgment granting the plaintiff's motion for summary judgment. American timely filed a motion for new trial, and following a subsequent hearing, the trial court denied American's motion for summary judgment and American's motion for new trial. Subsequent to the trial court's rulings, American filed an application for supervisory relief seeking review of the denial of their motion for summary judgment, and the first appeal was lodged in this court docketed under number 09-1056. American also filed a motion to certify the judgment granting the plaintiff's motion for summary judgment as final. On September 1, 2009, the trial court signed an amended judgment, which states the following:

> Pursuant to La. Code of Civil Procedure arts. 1911 and 1915, the Court finds no just reason for delay, and accordingly, the Court finds that this Judgment [the February 25, 2009 judgment granting the plaintiff's motion for summary judgment] should be considered FINAL and immediately appealable. This Court further signed a judgment dated June 16, 2009[,] denying the Motion for Summary Judgment and Motion for New Trial filed by defendant, American Home Assurance Company. This judgment should also be considered FINAL and immediately appealable pursuant to the above[-]listed articles.

After the trial court entered the above-quoted judgment, American filed another motion for appeal. Thereafter, a second appeal was lodged in this court bearing docket number 09-1508. In the interest of judicial efficiency, we consolidate the two pending appeals, docketed in this court under numbers 09-1056 and 09-1508.

In this case, the trial court did not provide express reasons for its order that designated the partial summary judgment as final for appeal purposes. In *Fakier v. State of La., Bd. Of Sup'rs for Univ. Of La. Sys.*, 08-111(La.App. 3 Cir. 5/28/08), 983 So.2d 1024, 1027, this court set forth the standard of review applicable in this instance as follows:

2

The proper standard of review for an order designating a judgment as final and immediately appealable, when the order is accompanied by explicit reasons for the certification, is whether the trial court abused its discretion. However, if the trial court fails to give explicit reasons for the certification, the appellate court should conduct a *de novo* determination of whether the certification was proper. *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113.

In *Messinger*, the Louisiana Supreme Court listed the non-exclusive factors for considering whether a partial judgment should be certified as appealable. The factors include:

1) The relationship between the adjudicated and unadjudicated claims; 2) The possibility that the need for review might or might not be mooted by future developments in the trial court; 3) The possibility that the reviewing court might be obliged to consider the issue a second time; and 4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1122, *citing Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

In response to this court's order that appellants show cause why the appeal should not be dismissed, American admits that the ruling at issue does not contain express reasons for its designation as immediately appealable. American argues that the appeal should be maintained because the litigation would be terminated if the trial court's ruling is reversed. In opposition, the plaintiff contends that a reversal would not terminate the litigation because the plaintiff's claim for bad faith handling will proceed independent of the determination on uninsured/underinsured motorist coverage. Additionally, there is a workers' compensation intervention claim pending. American argues that a reversal of the trial court's ruling would "presumably" dismiss the workers' compensation intervention claim.

The plaintiff directs this court to the recent dismissal of an appeal seeking review of a judgment granting a motion for partial summary judgment finding that

3

underinsured/uninsured motorist coverage was provided.  In *Spencer v. Uong*, 08-1548 (La.App. 3 Cir. 3/11/09), the trial court designated its ruling as appealable and gave supplemental reasons for its ruling, stating "The court believes the legal issue of coverage is clear: the circumstances here would result in UM coverage, assuming that the plaintiff proves damages in the amount sufficient to reach the UM policy.  If the damages are certain, there is no reason to protract the litigation." 08-1548, pp 1-2. This court dismissed the appeal finding that if the plaintiff failed to prove damages in an amount sufficient to invoke the UM coverage, the UM carrier would be absolved of liability.

American distinguishes the instant suit from *Spencer* by stating that the American policy is written "on a primary basis.  Thus, if Jonathan Guillory receives any award at trial, coverage under the AHAC policy will be presumably implicated from 'dollar one' in the event that there is no coverage."  American's Reply Brief at 2.  American goes on to recognize in a footnote that they will be entitled to various offsets.    American   does   not   explain   how   the   triggering   of   their uninsured/underinsured coverage would be any different from that of *Spencer*.  If the plaintiff does not prove damages over what the policy limits were of Clark, as the insurer of the other driver in the accident, American will not pay anything.  Thus, the judgment   of   which   American   is   seeking   review   may   be   mooted   by   future developments in the trial court.

In applying the *R.J. Messinger* factors to the instant case, we find that a reversal of the judgment *sub judice*, which granted a motion for partial summary judgment, will not terminate the entire litigation. As discussed above, bad faith handling and workers' compensation intervention claims will remain, even if we were to reverse the trial court.  Additionally, the judgment finds that the American policy

provides uninsured/underinsured motorist coverage if the plaintiff is able to establish damages in an amount sufficient to reach the uninsured/underinsured coverage amount. The judgment may also be rendered moot by future developments in the trial court. For example, if at trial the plaintiff fails to prove damages in an amount sufficient to invoke the uninsured/underinsured motorist coverage, then American may never be required to pay any portion of the damage claim.

We find that judicial resources would be unnecessarily expended by the appellate review of the partial summary judgment at this time, considering the possibility of a later appeal involving the adjudication of the remaining claims. Thus, we find that this matter is not ripe for immediate appeal and that the judgment at issue in this case was improperly certified as a final, immediately appealable judgment. Rather, we find that review of this ruling can be made upon the rendition of the final judgment adjudicating all remaining issues in this action. Therefore, we hereby dismiss the instant appeals at appellant's cost.

**APPEALS CONSOLIDATED AND DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.

Rule 2-16.3 Uniform Rules, Court of Appeal.