**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**10-1226**


JACK DUTY, ET AL.
VERSUS
LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 81,283
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, J. David Painter, and David E. Chatelain\*, Judges.

**APPEAL DISMISSED.**

**Bradley Charles Myers**
**Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman**
**Post Office Box 3513**
**Baton Rouge, LA 70821-3513**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Municipal Association**

**Ronald E. Corkern, Jr.**
**Corkern & Crews**
**Post Office Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 352-2302**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Natchitoches**

_____
\*Judge David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Otis Edwin Dunahoe, Jr.**
**Dunahoe Law Firm**
**Post Office Box 607**
**Natchitoches, LA 71458-0607**
**(318) 352-1999**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
  **Jack L. Duty, individually and on behalf of a class of persons**
  **similarly situated**

**Michael John O'Shee**
**Steven M. Oxenhandler**
**Gold, Weems, Bruser**
**Post Office Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **City of Natchitoches**

**Steven Scott Stockstill**
**Attorney at Law**
**3100 Brentwood Drive**
**Baton Rouge, LA 70809**
**(225) 925-4060**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Louisiana Firefighters' Retirement System**

**Tina L. Kappen**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
**601 Poydras St., Ste 2775**
**New Orleans, LA 70130**
**(504) 568-7990**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **St. Paul Fire & Marine Ins. Co.**

SAUNDERS, Judge.

Upon receipt of the record in the above captioned appeal, this court issued a rule for the plaintiffs-appellants, Jack Duty, individually and on behalf of a class of persons similarly situated, to show cause why their appeal should not be dismissed as having been taken from a partial judgment which has not been designated as final pursuant to La.Code Civ.P. art. 1915(B). For the reasons discussed below, we dismiss the appeal.

The plaintiffs filed this action on May 1, 2008, against the defendants-appellees, the Louisiana Firefighters' Retirement System and the City of Natchitoches, individually and as representative of a class of defendants: cities and municipalities, parishes, or fire protection districts throughout the State of Louisiana, who contribute to this retirement system. The suit claims that the defendants have improperly calculated the amount of contributions due to be paid into the retirement system and the amount of the retirement benefits paid to the retired firefighters.

In the course of litigating this matter, Natchitoches filed an exception of prescription seeking dismissal of the plaintiffs' claims which date from more than three years prior to the date that this suit was filed. The trial court signed a written judgment granting this exception on September 17, 2009.

Subsequently, Natchitoches filed a motion for a protective order. Natchitoches asserted that since the trial court had issued a ruling barring any claims arising prior to three years from the date this suit was filed, the plaintiffs' discovery requests should be limited to that same time period. The protective order came for hearing on January 12, 2010.

During the hearing on the motion for the protective order, counsel for the retirement system orally raised an exception of prescription seeking to bar any of the

1

plaintiffs' claims preceding three years from the date the suit was filed. The trial court signed a written judgment on March 8, 2010, granting this exception of prescription.

On March 30, 2010, the plaintiffs filed a motion for appeal. The motion states, "Appearer has agreed [sic] by the Judgment of this Court sustaining an Exception of Prescription by the Firefighters' Retirement System limiting the liability for payment of retroactively corrected benefits, if any, to the three(3) year period preceding the filing of this lawsuit, said Judgment being signed March 8, 2010." The order of appeal signed by the trial court on April 5, 2010, merely grants "a devolutive appeal from the Judgment rendered in the above cause".

Upon lodging of the record in this court, this court issued the above-mentioned rule for the plaintiffs to show cause why their appeal should not be dismissed. This court cited La.Code Civ.P. art. 1915(B) and noted that the appealed judgment did not have a certification that the judgment was final and immediately appealable, nor did the judgment provide express reasons why an immediate appeal is appropriate. The plaintiffs have filed a response to this rule, and Natchitoches has also filed a reply brief in this matter.

The plaintiffs first argue in their response to this court's rule that the appealed judgment effectively dismisses all plaintiffs whose claims arose more than three years prior to the filing of this action. Therefore, the plaintiffs urge this court to find that the judgment falls under La.Code Civ.P. art. 1915(A)(1) in that the judgment effectively dismisses some of the parties to this action.

The plaintiffs' argument, as to the inference to be drawn from the trial court's ruling, is based on conjecture, not the words of the appealed judgment. In this proposed class action, the petition, which has been neither supplemented nor

2

amended since its filing, mentions no dates of employment or dates of retirement as to any particular plaintiff, including the proposed class representative. Therefore, we find that this judgment, as worded, does not dismiss any particular party to this action and that the judgment does not fall under the purview of La.Code Civ.P. art. 1915(A)(1).

As an alternative ruling on the instant rule, the plaintiffs contend that this court should designate the appealed judgment as immediately appealable pursuant to La.Code Civ.P. art. 1915(B), citing *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So2d 1113, and *Fakier v. State of La., Bd. of Sup'rs for Univ. of La. Sys.*, 2008-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024. However, we find neither of these cases supports the plaintiffs' position. Unlike the instant case, in both of the cited cases, the trial court had designated the appealed judgments as immediately appealable without expressly giving reasons for the designation as statutorily mandated by La.Code Civ.P. art. 1915(B). Thus, the issue presented in those cases was whether the designation was appropriate, not whether to designate the judgment as final and immediately appealable. We find that the instant judgment is not appealable without a designation that the judgment is final and immediately appealable, with express, written reasons for the designation.

As a final alternative, the plaintiffs ask that this court remand this matter to the trial court for an evidentiary hearing as to whether the appealed judgment should be designated final. We find that this requested relief is beyond the scope of the issue presented herein and that the appropriate action for this court is limited to ordering the dismissal of the appeal as having been taken from a non-appealable, interlocutory ruling. Accordingly, we hereby dismiss this appeal at plaintiffs' cost.

3

**APPEAL DISMISSED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.**
**Rule 2-16.3 Uniform Rules, Court of Appeal.**