NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-1508


JOSEPH WASHINGTON, JR.

VERSUS

ALLSTATE INDEMNITY COMPANY


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 109728
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT

JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


APPEAL DISMISSED.


Christopher Shannon Hardy
Penny & Hardy
Post Office Box 2187
Lafayette, LA 70502-2187
(337) 231-1955
COUNSEL FOR DEFENDANT/APPELLEE:
    Allstate Indemnity Company

**Alicia Johnson Butler**
**Attorney At Law**
**Post Office Box 9097**
**New Iberia, LA 70562**
**(337) 369-3323**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Joseph Washington, Jr.**

**PICKETT, Judge.**

On December 20, 2011, this court issued a rule, *sua sponte*, for Plaintiff-Appellant, Joseph Washington, Jr., to show cause, by brief only, why the instant appeal should not be dismissed as having been improperly designated appealable pursuant to La.Code Civ.P. art. 1915. On January 13, 2012, this court received Appellant's response to the rule. For the reasons given herein, we hereby dismiss the appeal.

In the above captioned case, Appellant filed suit alleging that his homeowner's insurer, Allstate Indemnity Company, breached their insurance contract for failure to adjust the damages to his roof and for its failure to replace his roof, adequately and in good faith and fair dealing. Allstate filed a motion for summary judgment seeking dismissal of Appellant's claims for "penalties and attorney's fees 'as a result of the arbitrary and capricious failure of defendants to settle and compromise this claim'" on the ground that such claims had no basis in fact or law. Specifically, Allstate argued that it met its contractual obligation to Appellant under his policy by timely obtaining estimates and issuing a check for the roof's repair.

The trial court granted Allstate's motion for summary judgment, dismissing Appellant's claims against Allstate for penalties and attorney's fees with prejudice. Appellant appealed this ruling. In its judgment, the trial court designated the ruling a final judgment pursuant to La.Code Civ.P. art. 1915. Upon the lodging of the record in this appeal, this court issued the rule *sub judice*.

Louisiana Code of Civil Procedure Article 1915(B)(1) provides:

When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless

it is designated as a final judgment by the court after an express determination that there is no reason for delay.

Although the trial court designated the ruling at issue as final, the court gave no reasons for the designation as required in La.Code Civ.P. art. 1915(B)(1). Therefore, this court must conduct a *de novo* review of whether the certification was proper pursuant to *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113. In *Messinger*, the Louisiana Supreme Court listed the non-exclusive factors for considering whether a partial judgment should be certified as appealable. The factors include:

> 1) The relationship between the adjudicated and unadjudicated claims; 2) The possibility that the need for review might or might not be mooted by future developments in the trial court; 3) The possibility that the reviewing court might be obliged to consider the issue a second time; and 4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1122, *citing Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

This court utilized the factors listed in *R.J. Messinger*, 894 So.2d 1113, to find that the trial court improperly designated the appealed partial judgment as final and dismissed the appeal in *Fakier v. State, Bd. of Supervisor[s] for the Univ. of La. Sys.*, 08-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024. In *Fakier*, the plaintiff filed suit against her employer alleging several free-speech related claims. The trial court sustained an exception of no cause of action and dismissed only one of the plaintiff's claims. In designating the judgment final, the trial court merely concluded that there was no just reason for delay but failed to give specific reasons.

On review, this court found that the partial judgment would not terminate the suit and that the same parties would continue to litigate the plaintiff's remaining claims. This court also stated that all of the plaintiff's claims arose out of the same

2

operative facts and future developments in the trial court could moot this court's review. Finally, this court found that "judicial administration has clearly been negatively affected because the remainder of the case has presumably been delayed pending the outcome of this appeal." *Id*. at 1030.

Similarly, in the instant case, the trial court gave no specific reasons for designating its judgment as final. In applying the *R.J. Messinger*, 894 So.2d 1113, factors to the instant case, the adjudicated partial judgment does not terminate the suit nor will the reversal of this ruling. The judgment merely dismisses Appellant's claim for attorney's fees and penalties and makes no determination as to the adequacy or sufficiency of the repairs to Appellant's roof. Moreover, the judgment may be rendered moot by future developments in the trial court. For example, if at trial the Appellant fails to prove that Allstate breached its contractual obligations, then Allstate will be absolved of liability, and the issue currently before this court will be rendered moot.

Based on the foregoing, we find that the circumstances in this case do not warrant an immediate appeal. We further find that judicial resources would be wasted by the appellate review of the partial judgment at this time, considering the probability of a later appeal involving the adjudication of the remaining claims. Thus, we find that this matter is not ripe for immediate appeal and that the trial court abused its discretion in designating its ruling appealable pursuant to La.Code Civ.P. art. 1915. Rather, we find that review of this ruling can be made upon the rendition of the final judgment adjudicating the remaining issues in this action.

Accordingly, based upon these reasons, we find that the judgment at issue in this appeal was improperly certified as a final, immediately appealable judgment, and we hereby dismiss this appeal at Appellant's cost.

**APPEAL DISMISSED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.