NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-192

KENNETH JOHN LECOMPTE, ET UX.

VERSUS

AFC ENTERPRISES, INC., ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 72391
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**********

JOHN E. CONERY

JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.

APPEAL DISMISSED.

Stanford B. Gauthier, II
Attorney at Law
1405 West Pinhook Rd, Ste 105
Lafayette, La 70503
(337) 234-0099
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Kenneth John LeCompte
    Joanne Mathas LeCompte

**Edmond L. Guidry, III**
**Attorney at Law**
**324 S. Main St.**
**St. Martinville, La 70582**
**(337) 394-7116**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **James Lyons**
    **AFC Enterprises, Inc.**

**Robert Ryland Percy, III**
**Percy & Percy**
**Post Office Box 1096**
**Gonzales, LA 70707**
**(225) 621-8522**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Fundamental Provisions, LLC**
    **Stanley W. Ware**

**CONERY, Judge.**

This court issued a rule for the plaintiffs-appellants, Kenneth John LeCompte and Joanne Mathas LeCompte, to show cause, by brief only, why their appeal should not be dismissed on various grounds. The LeComptes filed a brief in response to this court's rule. For the reasons discussed herein, we dismiss the appeal.

Atchafalaya Enterprises, Ltd., through its principal, sole shareholder and sole director, Kenneth John LeCompte, entered into a franchise agreement with the defendant, AFC Enterprises, Inc., for the operation of a Popeyes Chicken & Biscuits restaurant. The instant litigation arises out of the business arrangements between these parties, but the suit was filed against several defendants. The LeComptes contend that AFC, through one of its representatives, James W. Lyons, has thwarted their attempts to expand their operation of Popeyes restaurants by refusing to grant the LeComptes, through Atchafalaya Enterprises, additional franchise locations. The LeComptes aver that this refusal is retaliatory because the LeComptes had a prior disagreement with AFC, resulting in a settlement between the parties. Moreover, although the LeComptes complained to AFC about a competing AFC franchisee stealing and continuing to attempt to steal away employees from the LeComptes' restaurants, the LeComptes contend that AFC has done nothing to attempt to stop the competitor.

Therefore, the LeComptes sued AFC; the AFC representative Mr. Lyons; the competitor, Fundamental Provisions, L.L.C.; and its owner, Stanley W. Ware. Mr. Lyons was dismissed from this litigation on an exception of lack of personal jurisdiction. The claims by the LeComptes against Fundamental and Mr. Ware, were severed. Therefore, the only defendant involved in the instant matter is AFC.

AFC filed an exception of no right of action, an exception of no cause of action, and a motion for summary judgment. The LeComptes filed a motion for partial summary judgment. The trial court heard these matters on October 6, 2011. The trial court orally granted the exception of no right of action and ordered that the LeComptes had thirty days within which to amend their petition. All other matters were taken under advisement.

The LeComptes filed their Amending and Supplemental Petition for Damages on October 31, 2011. The parties attempted to settle their action, and the trial court did not enter judgment on the remaining matters until after being notified that the parties were unable to reach a settlement. Thus, the trial court rendered written reasons for judgment on January 17, 2012, granting AFC's motion for summary judgment against the LeComptes' claims based on AFC's purported violation of the Louisiana Unfair Trade Practices Act (LUTPA). The trial court then rendered amended written reasons for judgment on February 2, 2012, in which the trial court denied AFC's exception of no cause action.

On February 14, 2012, AFC filed a Motion for Reconsideration in which AFC argued that the trial court should reconsider the ruling on the exception of no cause of action. The trial court again entered written reasons for judgment on August 22, 2012, granting the motion for reconsideration and granting the exception of no cause of action.

On September 17, 2012, the trial court signed the written judgment being appealed. In this judgment, the trial court denied the LeComptes' motion for partial summary judgment. The trial court granted AFC's exception of no right of action, but granted the LeComptes thirty days within which to amend their petition to cure the problem. The trial court granted AFC's exception of no cause of action

2

as to the LeComptes' third party beneficiary claim. The judgment also granted AFC's motion for summary judgment against the LeComptes' claim based on purported violations by AFC of the LUTPA.

In response to the rule to show cause issued by this court, the LeComptes first state that they are not appealing the denial of their motion for partial summary judgment. Further, the LeComptes state that they are not appealing the trial court's granting of the exception of no right of action and cite this court to where their Amending and Supplemental Petition for Damages appears in the record. However, the LeComptes proceed to argue against the dismissal of their appeal as to the trial court's granting of AFC's exception of no cause of action and motion for summary judgment.

The LeComptes argue that the trial court's ruling is somewhat ambiguous and could be construed as ordering the complete dismissal of the LeComptes' suit, in which case the judgment would be clearly appealable, according to the LeComptes. Alternatively, should this court find that the judgment was not a complete dismissal of the LeComptes from the suit, the LeComptes ask that this court find that an appeal is appropriate at this time, even if the judgment is partial pursuant to La.Code Civ.P. art. 1915(B).

The Amending and Supplemental Petition for Damages filed in response to the trial court's granting of the exception of no right of action begins as follows:

The "Amending and Supplemental Petition for Damages" of Kenneth John LeCompte, Joanne Mathas LeCompte and Atchafalaya Enterprises, Ltd. as per the Court's partial ruling from the bench of Thursday, October 6, 2011, respectfully avers:

1.

Amend the introductory paragraph of the original "Petition for

Damages" to read as follows:

> "The joint petition of KENNETH JOHN LECOMPTE (hereinafter
> referred to as "LeCompte") and JOANNE MATHAS LECOMPTE
> (hereinafter referred to as "Joanne"), husband and wife, both persons
> of competent age domiciled in St. Martin Parish, Louisiana and
> Atchafalaya Enterprises, Ltd., a domestic corporation with its
> registered office, principal place of business and domicile in St.
> Martin Parish, Louisiana, with respect represents:"

This amending and supplemental petition then proceeds to seek relief on behalf of

the LeComptes and Atchafalaya Enterprises, Ltd.

While this court acknowledges that the trial court's judgment signed on

September 17, 2012, concludes, "The above captioned matter is dismissed at

Plaintiffs', Kenneth John LeCompte's and Joanne Mathas LeCompte's cost," we

find that the trial court's ruling is internally inconsistent since the judgment also

permitted the LeComptes thirty days within which to amend their petition to state a

right of action. Furthermore and as noted by the LeComptes in their response to

this rule to show cause, the LeComptes filed an amending and supplemental

petition in which claims were advanced on behalf of the LeComptes and

Atchafalaya Enterprises. Reviewing the record, we find that no motion or

exception was filed by AFC in response to this amending and supplemental

petition prior to the trial court's rendition of judgment on September 17, 2012.

Accordingly, we find that, on the record before us, it appears that the LeComptes

still have a claim pending in the trial court against AFC. Therefore, we find that

the appealed ruling dismisses only part of the LeComptes' suit and is a partial

judgment pursuant to La.Code Civ.P. art. 1915(B). Moreover, the trial court did

4

not designate this judgment as immediately appealable for express reasons. Accordingly, we find that this appeal is premature.

The LeComptes ask that this court permit this appeal to proceed even if the judgment is partial. However, we find that this judgment does not meet the criteria set forth in *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113. In particular, we find that, pursuant to La.Code Civ.P. art. 1915(B)(2), since this judgment has not been designated as final, the trial court retains the jurisdiction to revise the decision in this judgment at any time until there has been a rendition of a judgment adjudicating all the claims and rights and liabilities of these parties. Furthermore, should a final judgment be rendered in favor of the LeComptes and Atchafalaya Enterprises on the supplemental and amending petition, review of the judgment currently appealed may be rendered moot. *See Fakier v. State of La., Bd. of Sup'rs for Univ. of La. Sys.*, 2008-111 (La.App. 3 Cir. 5/28/08), 983 So.2d 1024. Therefore, we hereby dismiss this appeal.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.