STOKER, Judge.
MOTION TO DISMISS
The defendant-appellee, Ronald Veillon, moves to dismiss the appeal of the plaintiff-appellant, Carol Lynn Bertrand Veillon, on the grounds that the judgment appealed is an interlocutory judgment from which no appeal lies.
The trial court’s minute entry shows that the defendant’s-appellee’s motion to strike was granted in certain respects on February 28, 1986. This motion was based upon the fact that certain allegations in plaintiff’s petition were libelous, defamatory, scandalous, and without lawful basis. The plaintiff then filed the instant appeal seeking to reverse the trial court’s judgment. Mover then filed this motion to dismiss on several grounds.
The judgment on a motion to strike, evidenced by a minute entry, is an interlocutory decree from which no appeal lies unless irreparable injury can be proved by the appellant. See Matte v. Continental Casualty Company, 185 So.2d 842 (La.App. 3 Cir.1966), LSA-C.C.P. Art. 2083, LSA-C. C.P. Art. 1911, LSA-C.C.P. Art. 1918. Since no substantive issue of merit has been disposed of by the interlocutory order, no irreparable injury can befall the plaintiff. The community property laws of Louisiana are state creatures, and do not involve Federal Constitutional Law, as the plaintiff is not challenging the constitutionality of the Louisiana community property laws, (for a different result see River Cities Construction Co., Inc., v. Barnard and Burk, Inc., 444 So.2d 1260 (La.App. 1 Cir.1983)).
For the foregoing reasons, mover’s motion to dismiss is granted, and the appellant’s appeal is dismissed at her cost.
APPEAL DISMISSED.