# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 19-733

KENNETH PAUL LYONS, ET AL.

VERSUS

AXIALL CORPORATION, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2015-1008
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders and Candice G. Perret, Judges.

APPEAL DISMISSED.

David M. Bienvenue, Jr.
F. Charles Marionneaux
Phillip E. Foco
Bienvenue, Bonnecaze, Foco,
Viator & Holinga, APLLC
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
(225) 388-5600
Attorneys for Appellants/Defendants:
  Eagle US 2 LLC, Axiall Corporation, and
  Axiall, LLC

Luis A. Leitzelar
Jones Walker LLP
445 North Blvd., Suite 800
Baton Rouge, LA  70802
(225) 248-2136
Attorneys for Appellants/Defendants:
  Eagle US 2 LLC, Axiall Corporation, and
  Axiall, LLC

**Christopher P. Ieyoub**
**Plauche´, Smith & Nieset, LLC**
**P.O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**Attorneys for Appellants/Defendants:**
  **Eagle US 2 LLC, Axiall Corporation, and**
  **Axiall, LLC**


**J. Michael Veron**
**J. Rock Palermo, III**
**Turner D. Brumby**
**Julia Love Taylor**
**Veron, Bice, Palermo & Wilson, LLC**
**P.O. Box 2125**
**Lake Charles, LA  70602-2125**
**(337) 310-1601**
**Attorneys for Appellees/Plaintiffs:**
  **Kenneth Paul Lyons, et al**


**Jimmy Simien**
**Eulis Simien, Jr.**
**Simien & Simien, LLC**
**7908 Wrenwood Blvd.**
**Baton Rouge, LA  70809**
**(225) 925-1411**
**Attorneys for Apellees/Plaintiffs:**
  **Kenneth Paul Lyons, et al**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Kenneth Paul Lyons and eight additional parties (collectively referred to herein as Plaintiffs) filed suit on March 11, 2015, against Axiall Corporation (Axiall), Georgia Gulf Corporation, Georgia Gulf Lake Charles, LLC, (Georgia Gulf), Sun, LLC, (Sun), Turner Industries Group, LLC, (Turner) and Eagle US 2, LLC (Eagle). Plaintiffs' allege that their land was contaminated by salt water/brine and other hazardous/toxic substances from Defendants' operation of two brine pipelines. Defendants Axiall and Eagle are the successors in interest to the previous owner, Georgia Gulf. PPG Industries, Inc. was also a former owner and operator of the pipeline and its spinoff company merged with Georgia Gulf. Plaintiffs allege the pipelines provide service from sulphur salt mines to Eagle's plant in Westlake, Louisiana. They further allege Eagle's primary business activities are those conducted at its plant in Westlake.

Plaintiffs allege Axiall, Eagle, and its predecessor reported fourteen (14) leaks from its pipelines to the Louisiana Department of Environmental Quality (DEQ) between 2012 and 2013. However, Plaintiffs further aver that in 2015 they learned, through discovery in another lawsuit which involves these pipelines, that "Axiall, Eagle,, and/or its predecessor documented in their own internal records the *Pipelines leaked several hundred times* between 2012 and 2014, including leaks on the plaintiffs' land." (Emphasis in original.) Plaintiffs included Sun as a named defendant based upon information and belief that it "performed all or a substantial part of the maintenance, inspection, and repair of the Pipelines on behalf of Axiall, Eagle, and/or its predecessor between 2012 and February of 2014, including the task of repairing any damage caused as a result of these numerous brine releases." It is further alleged that another significant rupture of one or both of the pipelines

occurred around February 14, 2015, causing "approximately 22,500 gallons of brine" to "spew [approximately 60 feet into the air] onto and under the plaintiffs' land and neighboring lands." Turner was hired after this alleged event "to repair the leaking Pipeline(s) and to remedy any damage caused as a result of this brine release." Plaintiffs maintain that Eagle, Axiall and Turner have "done nothing to clean-up or remediate the plaintiffs' land as a result of this release."

On May 11, 2015, Axiall, Georgia Gulf and Eagle attempted to remove the case to federal court. The matter was automatically stayed pursuant to 28 U.S.C. § 1446(d). The federal court allowed discovery to proceed on matters "related to the claims against the in-state defendants." On September 29, 2016, the U.S. District Court for the Western District of Louisiana, Lake Charles Division, issued a memorandum ruling by the Honorable Patricia Minaldi, District Judge, granting Plaintiffs' motion to remand the matter to state court. In a thorough and well-reasoned opinion Judge Minaldi ruled that the "non-diverse defendants [Sun and Turner] were not improperly joined [and] the removing defendants have not established that federal diversity jurisdiction exists and that removal was proper." *Lyons v. Axiall Corp.*, 2016 WL 5794533 (W.D. La. Sept. 29, 2016).

On November 16, 2016, Turner filed an answer and numerous affirmative defenses. It admits that it is a Louisiana company with its principal place of business in Baton Rouge, Louisiana. On December 12, 2016, Sun filed an answer with several affirmative defenses. Sun was dismissed through a motion filed by Plaintiffs on March 5, 2018. On December 15, 2016, Axiall, Eagle, and Georgia Gulf filed their answer with numerous affirmative defenses. On August 15, 2018, Eagle and Axiall filed a motion for leave to file a first supplemental and amended answer and third party demand, an exception of nonjoinder of parties, and its supplemental answer and third party demand naming several third party defendants. On August

2

29, 2018, the trial court granted Eagle's motion to file a first supplemental and amending answer and a third party demand. In this third party demand Eagle and Axiall added as named defendants Parsons-Gilbane; Parsons Government Services, Inc.; Gilbane Building Company; Gilbane, Inc.; National Union Fire Insurance Company of Pittsburgh, PA; Granite State Insurance Company; and Lexington Insurance Company alleging they are necessary parties. On December 6, 2018, Plaintiffs filed an opposition to Defendants' motion and in the alternative a motion to sever. A hearing was held on December 14, 2018. The trial court rendered judgment on December 26, 2018, denying Defendants' exception of nonjoinder of parties and denying Defendants' motion for leave to file first supplemental and amending answer and third party demand. Defendants filed a notice to seek a writ of review and an order issued on January 11, 2019, setting a return date of February 11, 2019. A panel of this court, comprised of Judges John D. Saunders, Billy H. Ezell and Jonathan W. Perry on April 2, 2019, unanimously denied a stay and denied the writ finding "no abuse of discretion in the trial court's ruling." *Kenneth Paul Lyons, et al. v. Axiall Corp., et al.*, 19-108 (La.App. 3 Cir. 4/2/19) __ So.3d __.

On May 6, 2019, Eagle and Axiall filed an application for writ of review with the Louisiana State Supreme Court. In its application Defendants asserted the trial court and this court erred in denying their motion for leave to amend and in failing to find that the named third party defendants are necessary for full and final resolution of this matter. The supreme court denied the writ. *Lyons v. Axiall Corp.*, 19-690 (La.9/6/19), 278 So.3d 374.

The trial court initially set a trial date of May 20, 2019, notice of which was sent to all parties on August 23, 2018. On April 26, 2019, in response to Plaintiffs' unopposed motion, the trial court signed a scheduling order resetting the trial date to November 12, 2019, in response to Defendants' urgings for a change in the trial date.

3

The scheduling order further provides that "Any supplemental or amended pleadings, adding new parties, claims, or defenses *shall* be no later than *May 15, 2019.*" (Emphasis added.)

On May 15, 2019, Plaintiffs filed a "Motion for Leave to File First Supplemental, Amended, and Restated Petition for Damages." In their amended petition Plaintiffs alleged that after the filing of the original petition they were informed by Defendants that Georgia Gulf Lake Charles, LLC merged in 2017 with Axiall, LLC and "Axiall, LLC is the surviving entity." Thus, Plaintiffs amended their petition to name Axiall, LLC a defendant "in its own capacity and as successor to Georgia Gulf." Plaintiffs represent in their amended petition that this is merely a name change. The petition was further amended to include five additional brine leaks from the pipelines subject of the lawsuit because Defendants informed them during discovery of the dates of these additional leaks. Plaintiffs also amended their original petition for damages to include as a plaintiff another co-trustee of the Lyons Family Trust who was inadvertently omitted in the original petition. The court granted the motion and allowed the amending and supplemental petition.

In response, on May 24, 2019, nine days after the court ordered deadline, Defendants Eagle US 2 LLC, Axiall Corporation, and Axiall, LLC filed an answer, affirmative defenses, and a third party demand. Defendants restated their earlier filed affirmative defenses[1] and again named the same *third party defendants as*

---

[1] Defendants' reiterated the same affirmative defenses previously pleaded including: 1) failure to state a cause of action; 2) failure to state a right of action; 3) vagueness; 4) prescription; 5) no cause of action for exemplary damages under repealed La.Civ. Code art. 2315.3 or "any other law or statute;" 6) plaintiffs' claims for punitive damages "are barred in whole or in part by the statutory law and jurisprudence of the State of Louisiana."; 7) Plaintiff's claims for "punitive or exemplary damages which are excessive or disproportionate to any actual damages would violate Defendants' constitutional right against excessive punishment under the Eighth Amendment of the United States Constitution and violative of their constitutional right to due process under the Fifth and Fourteenth Amendments;" 8) "any award of punitive damages to Plaintiffs in this case would violate federal and state due process as well as the right to property to the extent Defendants are adjudged liable" if based on the conduct of others "whether under the doctrines of joint and several liability, solidary liability, vicarious liability, respondeat superior, or

4

*previously named.*[2] These are the same third party defendants the trial court, this court, and the supreme court refused to allow. Axiall Corporation again described itself as the "successor in interest to Georgia Gulf Lake Charles, LLC." It again asserted that Axiall Corporation, formerly known as Georgia Gulf Corporation, is incorporated in Delaware, has its principal place of business in Texas, and is registered to do business in Louisiana with CT Corporation named as its agent for service of process in Louisiana. It describes Axiall, LLC also as a Delaware limited liability company with its principal place of business in Texas. The sole member of this LLC is Axiall Holdco, Inc., also a Delaware corporation and its principal place

---

otherwise;" 9) assumption of the risk; 10) contributory negligence; 10) comparative fault; 11) prematurity under the "prerequisites of La.R.S. 30:2015.1;" 12) supervening or intervening causation; 13) "res judicata, settlement, compromise, issue preclusion, estoppel, laches, ratification and/or waiver, and failure to exhaust administrative remedies; 14) discharge in bankruptcy; 14) the doctrine of payment; 15) preempted by federal law; and 16) failure to join necessary and/or indispensable parties.

2

> Parsons-Gilbane, is or was a joint venture and/or partnership formed between and wholly composed of the Ralph M. Parsons Company (whose successor in interest is Parsons Government Services, Inc.), Gilbane Building Company, and/or Gilbane Inc., each and all of whom are also successors in interest to the joint venture and/or partnership;
>
> Parsons Government Services, Inc., successor to the Ralph M. Parsons Company, a corporation organized under the laws of the State of Nevada, based in the City of Pasadena, State of California;
>
> Gilbane Building Company and/or Gilbane, Inc., organized under the laws of the State of Rhode Island;
>
> National Union Fire Insurance Company of Pittsburgh, PA, a foreign insurance company licensed and/or doing business in the State of Louisiana;
>
> Granite State Insurance Company, a foreign insurance company licensed and/or doing business in the State of Louisiana; and
>
> Lexington Insurance Company, a foreign insurance company licensed and/or doing business in the State of Louisiana.

Defendants again asserted in their third party demand that these insurers issued policies to "The Ralph M. Parsons Company, Gilbane Building Company, and/or Parsons-Gilbane; the United States Government; and PPG Industries, Inc."

of business is also Texas. Defendants further describe Eagle US 2 LLC as another Delaware limited liability company with a principal place of business in Texas, registered to do business in Louisiana with CT Corporation as its designated agent for service of process. Defendants again averred, as in previous pleadings, that Axiall Corp., Georgia Gulf Corp., and Axiall, LLC are not the proper defendants in this suit, and they deny "any successor liability allegations and conclusions of law asserted by Plaintiffs related to PPG Industries, Inc." Thus, they again allege Plaintiffs have no "standing or [] right of action against Axiall Corporation, Georgia Gulf Corporation, and Axiall, LLC."

Defendants further alleged, just as they did in their earlier filings, that Plaintiffs' claims:

> [P]resent a substantial federal issue in that Plaintiffs' alleged damages occurred due to the fault of the United States government and its agencies, including but not limited to Department of Energy's servitude, condemnation, occupation, and use of the brine field, pursuant to the Act of Congress approved on December 22, 1975 (Public Law 94 163, 89 Stat. 871; 42 U.S.C. §6201), including the Energy Policy and Conservation Act, Section 159(f)(D) and Act of Congress approved October 23, 1962 (Public Law 87 852; 76 Stat. 1129; 40 U.S.C. §319).

They further alleged that the "Third Party Defendants are liable to Eagle and the other Defendants pursuant to agreements as well as in tort and strict liability," much as they had asserted in previous filings.

Defendants then set forth several alleged facts forming the basis of their claims against the third party defendants which they allege sound in strict liability, negligence, and breach of contract. Next, they set forth the alleged factual basis for their third party breach of contract claims comprising eleven paragraphs of allegations. Additionally, Defendants set forth another sixteen paragraphs of "claims" against the third party defendants substantially making the same allegations as previously made.

6

The trial court granted Plaintiffs' Motion to Strike Defendants' Third Party Demand for failure to comply with the deadlines set in the scheduling order and "significantly" because Defendants were trying to bring into the case the same third party defendants as previously "disallowed." The trial court issued its ruling from the bench and explained the basis for its ruling (emphasis added):

> I'm going to strike the third-party demand. *That is substantially different, distinctly different, than just merely answering an amended petition.* I think it was pretty much [to] clear up a name change, the successor in interest, Axiall, LLC is the successor to Gulf Coast— Georgia Gulf Lake Charles, LLC. Nothing's different except that the fact that the petition named Mr. Lyons, one of the Lyons cotrustees is— doesn't change a lot, except a new name of a cotrustee that was a cotrustee of the trust that was already named [] as a Plaintiff.

> So[,] I don't think the mere fact that the petition was amended gives them the right to bring a third-party defendant in. I'm going with the scheduling order. It's outside the scheduling order, but—*and this is a significant point or thing in my mind is that we've gone—we've been here before trying to name these third-party defendants, these third-party demands, and that was disallowed.* And I don't think it opened the door that wide, the new petition, amended petition, to get— to try it again or to make an identical, I guess, third-party demand. I'm going to strike the third-party demand.

Following the ruling, Defendants asked the trial court to designate the ruling a final judgment asserting such ruling be based on a finding "that there's no just reason for delay of an appellate review of your order striking this third-party demand." On June 13, 2019, the trial court signed a judgment designating the judgment striking Defendants' third party demands as an appealable final judgment "pursuant to Louisiana Code of Civil Procedure art. 1915(B)." The trial court added, "appellate review of that ruling will serve the interest of judicial efficiency." No reasons, written or oral, were given by the trial court to support its designation of its interlocutory ruling as final and appealable. Defendants thereafter lodged this appeal asserting the trial court erred in striking Defendants' third party demand.

7

**ANALYSIS**

Plaintiffs maintain this court is without jurisdiction to consider this appeal because the ruling at issue is an interlocutory ruling subject to review by writ and it could not properly be designated a final appealable judgment. First, we note, this appeal cannot be converted to a writ because the record reflects it was filed after the delay for filing a writ. Next, Louisiana law provides that "[a]n interlocutory judgment is appealable only when expressly provided by law." La.Code Civ.P. art. 2083(C). This court has held that "[a] judgment on a motion to strike [] is an interlocutory decree from which no appeal lies *unless irreparable injury can be proved by the appellant.* See *Matte v. Continental Casualty Company,* 185 So.2d 842 (La.App. 3 Cir.1966), LSA–C.C.P. Art. 2083, LSA–C.C.P. Art. 1911, LSA–C.C.P. Art. 1918. Since *no substantive issue of merit* has been disposed of by the interlocutory order, no irreparable injury can befall the plaintiff." *Veillon v. Veillon*, 497 So. 2d 1087, 1087 (La. Ct. App. 1986) (emphasis added). Likewise, in this case, the trial court's ruling does not consider the merits of the case in whole or in part. The trial court has great discretion to control its docket and scheduling orders and we cannot say the trial judge abused his discretion here. Defendants had ample time to bring these third parties into the litigation long before this belated attempt, as they did in another companion case involving these pipeline leaks. Moreover, they actually tried previously in this case to include these parties based on the same claims asserted in this latest attempt but, as we have already said, were rebuffed by the trial court, this court, and the state supreme court. We will not sanction this belated attempt to have a second bite at the same apple when this court and the supreme court has already denied relief. Thus, even if we were to allow this appeal to proceed, relief would be denied because the trial court did not abuse its discretion

8

in, for the second time, refusing to allow the addition of these parties especially so late in the game.

When, as here, a trial court fails to provide reasons for its finding that "there is no just reasons for delay," the supreme court instructs that appellate courts are to review the trial court decision *de novo*. See, *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113. When conducting the de novo review of such a trial court ruling, we are instructed to consider the following non-exclusive list of considerations:

1) The relationship between the adjudicated and unadjudicated claims;

2) The possibility that the need for review might or might not be mooted by future developments in the trial court;

3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and

4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Allis–Chalmers,* 521 F.2d at 364.

*Messinger,* 894 So.2d at 1122. *See also*, *PBGS, L.L.C. v. Duplechain*, 13-278 (La.App. 3 Cir. 12/18/13), 130 So.3d 45, 49, *writ denied*, 14-114 (La. 4/4/14), 135 So.3d 641.

Under the analysis directed in *Messinger*, we also find the criteria for making this interlocutory ruling a final appealable judgment is lacking. The ruling may be rendered moot by future developments in the trial court. For example, if at trial Defendants are found to have no liability to Plaintiffs, and/or the Plaintiffs fail to prove they are entitled to recovery from Defendants, the ruling by the trial court would be rendered moot. Further, the judgment striking Defendants' third party demand does not terminate the suit, but denying the motion to strike would undoubtedly delay the litigation even more than the present attempt to appeal the

9

trial court decision has already accomplished. Thus, judicial administration has been negatively affected awaiting the outcome of this appeal. *See*, *Fakier v. State, Board of Supervisors for the University of Louisiana System*, 08-111, (La.App. 3 Cir. 5/28/08), 983 So.2d 1024. Based on our de novo review and applying the *Messinger* factors, we find the circumstances here do not warrant an immediate appeal. Judicial resources would be wasted by appellate review of this interlocutory ruling considering especially the probability that the case will be appealed after trial. As we have said, decisions in the trial may render the ruling moot. Defendants will not suffer irreparable injury as a review of this ruling can be made upon the rendering of the final judgment adjudicating the matter. We find the trial court abused its discretion in designating its ruling an appealable final judgment under the provisions of La.Code Civ.P. art. 1915. Accordingly, for the reasons stated, we find the trial court improperly certified this judgment as a final, immediately appealable judgment. We hereby dismiss this appeal at Appellants' cost.

**APPEAL DISMISSED**.